[No. 1884, June 27, 1916.]

# COULTER v. BOARD OF COMMISSIONERS OF BERNALILLO COUNTY.

## SYLLABUS BY THE COURT.

1. The term "irregularity" is defined to be the want of adherence to some prescribed rule or mode of proceeding, and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time or improper manner. It is a departure from some prescribed rule or regulation (citing Words and Phrases, Second Series.)    P. 27

2. In this jurisdiction we have no terms of court, except for jury trials, and, as we have no statute extending the control of a court over its judgments after entry thereof, except in case of defaults for a period of 60 days, and in cases

Coulter v. Board of Commissioners, 22 N. M. 24.

of irregularly entered judgments for a period of one year, it necessarily follows that final ·judgments rendered by the district courts in cases tried without a jury become final when rendered, and then and there pass from the control of the court, except in the two instances above mentioned.      P. 27

Appeal from District Court, Bernalillo County; H. F. Raynolds, Judge.

Action by Qurino Coulter against the Board of County Commissioners of Bernalillo County.   From a judgment for defendant, plaintiff appeals.   Reversed and remanded, with directions.

A. A. SEDILLO and MODESTO C. ORTIZ, both of Albuquerque, for appellant.

Court was without power to set aside the judgment.

Black on Judgments, p. 381; sec. 134, Code Civil Pro. 1897; sec. 4227, Code 1915; sec. 4230, Code 1915; Black on Judgs. (2d ed.) 170; Bronson v. Shulton, 104 U. S. 415; citing Brooks v. Railroad Company, 102 U. S. 107; Public Schools v. Walker, 9 Wall. 603; Brown v. Aspden, 14 How. 25; Cameron v. McRoberts, 3 Wheat. 501; Sibbald v. United States, 12 Pet. 488; United States v. The Brig Glamorgan, 2 Curt. C. C. 236; Bradford v. Patterson, 1 A. K. Marsh (Ky.) 464; Ballard v. Davis, 3 J. J. Marsh (Ky.) 656.

M. U. VIGIL and H. B. CORNELL, both of Albuquerque, for appellee.

There are no terms of·court, for jury purposes, in this state.

Weaver v. Weaver, 16 N. M. 98; Territory v. Armijo, 14 N. M. 202; Fullen v. Fullen, not yet reported.

### OPINION OF THE COURT.

ROBERTS, C. J.—The appellant, who was the county jailer of Bernalillo county from January 6, 1912, to March 31, 1915, continuously, on March 31, 1915, pre-

sented to the board of county commissioners of said county a bill for his services as such official. His claim was in the usual form and was properly verified. He claimed compensation for his services at the rate of $75 per month, under the provisions of section 4, c. 12, Laws 1915. This section provided:

"The compensation of county jailers shall be as follows: In counties of the first class, not to exceed nine hundred dollars per annum."

And further provided:

"Within the aforesaid limits, the compensation of the jailer and of such guard or guards as may be necessary, shall be fixed by the county commissioners."

That Bernalillo county is a county of the first class is not questioned.

The board of county commissioners took up said claim for consideration, and passed a resolution, fixing the jailer's salary at $50 per month, and thereupon they allowed his claim at the stated rate per month. This left, according to his contention, the sum of $962.50 still due, and he appealed from the action of the board in disallowing this amount, to the district court. In the district court, the district attorney, appearing for the board of county commissioners, filed on behalf of such board a confession of judgment, and upon September 8, 1915, the said court entered judgment for the appellant for the said sum of $962.50. Thereafter, on September 20, 1915, the trial court, upon motion of the said district attorney, entered an order setting aside and vacating the judgment entered on September 8th. The only ground stated in the motion for the relief sought was that the appellant was not entitled to a salary of $75 per month under the provisions of the salary act, but that he was limited in amount of his compensation to such stated sum as might be fixed by the board of county commissioners, as such salary, not, however, to exceed $900 per annum. On the 1st day of October, 1915, the court entered judgment for the board, and disallowed the claim of appellant. Appel-

lant prayed an appeal to this court, and the case is before us upon an agreed statement of facts, which admits the employment of appellant, the performance of the services, and the facts as heretofore stated in this opinion.

[**1, 2**]   The first, and controlling, question presented is as to the power of the court, in a nonjury case, to vacate and set aside a judgment rendered upon grounds other than those specified in sections 4227 and 4230, Code 1915.

The first section referred to applies only to default judgments, and gives to the court the power to set aside such a judgment "rendered * * * out of term time," upon motion filed within 60 days, upon good cause shown to the "judge or court in which such judgment is rendered." The judgment herein was not rendered upon default. Hence this section can have no application.

The latter section provides:

"Judgments may be set aside for irregularity, on motion filed at any time within one year after the rendition thereof."

No irregularity was alleged in the motion filed to vacate, and, indeed, none appears upon the face of the record. The term "irregularity" is defined to be the want of adherence to some prescribed rule or mode of proceeding; and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time or improper manner. It is a departure from some prescribed rule or regulation. Words and Phrases (2d ed.) vol. 2, p. 1240. The original judgment entered in this case violated no rule or mode of proceeding. It was regularly entered, upon confession of judgment; hence did not fall within the terms of the above statute, unless an error of law on the part of the court constitutes an irregularity, within the meaning of the statute. That such is not the case is well established by the text-writers and adjudicated cases. In Black on Judgments (2d ed.) § 329, the author says:

"The power to vacate judgments, on motion, is confined to cases in which the ground alleged is something extraneous to the action of the court or goes only to the question of the regularity of its proceedings. It is not intended to be used as a means for the court to review or revise its own final judgments, or to correct any errors of law into which it may have fallen. That a judgment is erroneous as a matter of law is ground for an appeal, writ of error, or certiorari; according to the case; but it is no ground for setting aside the judgment on motion."

In the next section (330), the author says:

"So where, in an action regularly commenced and prosecuted, without any fraud or fraudulent representations judgment is rendered by consent against the defendants, they cannot thereafter have the judgment set aside and a new trial granted, on the ground of the existence of a complete legal defense to the action, the nature and extent of which they were aware of at the time of the entry of the judgment."

The above would seem to be conclusive against the power of the court to vacate the judgment in this case, unless it be true, as contended by appellee, that we have terms of court in this state for the trial of civil cases, and that the term at which the original judgment was rendered had not expired; for it is well established under the common law that the court during the entire term at which judgments were rendered had plenary power over the same, and might vacate, set aside, modify, and annul them. It was likewise equally well established that upon the expiration of the term the court lost all control over the judgment. In this jurisdiction, the rule is now firmly established that we have no terms of court, except for the trial of jury cases. This was settled by the cases of Weaver v. Weaver, 16 N. M. 98, 113 Pac. 599; Crichton v. Storz, 20 N. M. 195, 147 Pac. 916; Fullen v. Fullen, 21 N. M. 212, 153 Pac. 294.

The writer of this opinion has always entertained the view that the proper construction of the statute (section 4185, Code 1915) which provides that "the district courts, except for jury trials, are declared to be at all times in session for all purposes, including naturalization of aliens," was that such courts, within the specified term, were to

be always in session for the purposes named; that the provision was not intended to abolish terms of court, in so far as civil cases were concerned; and for this reason, not having participated in the Weaver Case, my dissent was recorded in the Storz Case. The majority of the court, however, held to the contrary, and as the rule thus became settled, and as it involved only a question of practice, further insistence to the contrary could accomplish nothing; hence the Fullen Case met with my approval. In that case, Justice Parker, speaking for the court, said:

"It is perfectly clear that we have no terms of court, except for jury trials. The district courts are always in session, independent of the jury terms. We have no statute extending the control of a court over its judgments after entry thereof, except in two instances, viz., in cases of defaults for a period of 60 days, * * * and in cases of irregularly entered judgments for a period of one year. * * * It follows, both on reason and according to precedent, and taking into consideration the necessity for a rule of certainty and finality, that final judgments of the district courts in cases tried without a jury become final when rendered, and then and there pass from the further control of the court, except in the two instances above mentioned."

The Fullen Case, therefore, is decisive of this case, and, under the rule there laid down, the district court lost control of the judgment entered in this case, when the same was rendered; hence had no power to vacate it, upon the grounds stated in the motion. Such being true, it follows that the order setting aside the original judgment and the purported final judgment thereafter entered were erroneous and should be vacated.

The cause will therefore be reversed and remanded to the district court, with directions to vacate and set aside the order vacating the original judgment and the judgment thereafter entered, and it is so ordered.

HANNA and PARKER, J.J., concur.