[No. 1905, December 26, 1916.]

## STATE v. BACA.

### SYLLABUS BY THE COURT.

1. Assignments of error, in criminal contempt cases appealed to this court, are required to be filed and served in the same manner as in civil cases, under section 2, c. 44, Laws 1915; and where no assignments of error are so filed and served, and advantage is taken thereof in apt time, the appeal will be dismissed.                                    P. 384

2. Failure of appellant to file and serve assignments of error is not excused because counsel inadvertently overlooked the procedure required by law therefor.                P. 385

Appeal from District Court, Socorro County; Neblett, Judge.

David Baca was convicted of criminal contempt and he appeals. Appeal dismissed, and cause remanded.

M. C. SPICER of Socorro, for appellant.

H. S. BOWMAN, Assistant Attorney General, for the State.

## OPINION OF THE COURT.

PARKER, J.—The appellant was charged, by information, with contempt of court, in that he attempted to influence certain witnesses for the state in the criminal case of State of New Mexico v. Laurence R. Babcock. He was tried, found guilty, sentenced to serve a term of six months' imprisonment in the county jail of Socorro county, and from such judgment and sentence has perfected this appeal.

[1] The Assistant Attorney General has moved to dismiss the appeal for appellant's failure to file assignments of error. Both the Attorney General and the attorney for the appellant agree that this is a criminal case. The former contends that section 2, chapter 44, Laws 1915, the only statute granting an appeal in criminal contempt proceedings, requires the same procedure to be had in contempt cases as in ordinary civil cases, whereas the attorney for appellant contends that the case is essentially a criminal case and that under section 4528, Code 1915, assignments of error are not required in such cases. Assuming for the purposes of this case that this contempt proceeding is essentially a criminal case, as distinguished from a civil case, still the position of appellant is unsound. Section 2, chapter 44, Laws 1915, provides as follows:

"Any person aggrieved by the judgment of the court in any proceeding for civil contempt, and any person convicted of criminal contempt, except contempt committed in the presence of the court, shall have an appeal from such judgment or conviction to the Supreme Court ,to be prosecuted and decided in the manner now prescribed by law for appeals in civil cases."

The plain meaning of the statute is that appealable contempt cases shall be conducted from the time judgment is entered in the district court until the case is actually decided in this court in all respects as though such cases were ordinary civil cases. Thus the statute creates an exceptional manner of prosecuting this class of criminal cases on appeal, being exceptional in that the procedure required in civil cases is required in this class of

cases, where such contempts are of a criminal nature.

[2]    The third paragraph of section 4490, Code 1915, provides that in civil cases appellant or plaintiff in error shall file and serve a copy of the assignments of error on the opposite party in the same manner that copies of pleadings are served; that such assignments of error shall be written on a separate paper and filed in the cause and copied into the brief of appellant or plaintiff in error, and in default thereof the appeal may be dismissed and the judgment affirmed, in the absence of a showing of good cause. This provision of the law has often been before the court for construction and the court has uniformly enforced it. The appellant would avoid the necessary result of his omission to file assignments of error on a separate paper and serve copy thereof as required by law on the ground that assignments of error were copied in his brief and therefore the case falls within the rule announced in Palmer v. Allen, 18 N. M. 239, 135 Pac. 1173. In that case the court simply held that service of the assignments of error, copied into the brief of the party, by service of the brief including the assignments, was sufficient. In the case at bar the assignments were never filed on a separate paper; hence the Palmer Case, supra, is not controlling. The transcript of record was filed in this case on February 16, 1916, and advantage taken of the failure to file and serve assignments of error on May 4, 1916.

The appellant, having failed to file and serve his assignment of error, as required by law, is in default, and the excuse that counsel misconceived the law not being sufficient, the appeal must be dismissed, and the cause remanded, with instructions to enforce the judgment; and it is so ordered.

ROBERTS, C.J., and HANNA, J., concur.