First Nat. Bank of Iowa City v. Swartz, 22 N. M. 386.

·[No. 1888, January 10, 1917.]

# FIRST NAT. BANK OF IOWA CITY v. SWARTZ.

### SYLLABUS BY THE COURT.

Final judgments of the district courts in cases tried with-out a jury become final when rendered, and then and there pass from the further control of the court, except judgments falling within the provisions of sections 4227 and 4230, Code 1915. Hence, where a judgment is rendered for plaintiff in a suit on a promissory note, tried by the court without a jury, the court has not the power, 45 days after the judg-ment is entered, to vacate and set the same aside and ren-der judgment for the defendant, and its act in so doing was without jurisdiction.

Appeal from District Court, McKinley County; Ray-nolds, Judge.

Action by the First National Bank of Iowa City against F. C. Swartz. A judgment for plaintiff was set aside, and from a judgment for defendant dismissing the com-plaint, plaintiff appeals. Reversed and remanded, with directions.

A. B. Stroup of Albuquerque, for appellant.

John Venable of Albuquerque, for appellee.

### OPINION OF THE COURT.

ROBERTS, C. J.—This action was instituted in the district court of McKinley county by the appellant against the appellee to recover upon an alleged promissory note given by appellee to the Equitable Manufacturing Com-pany, and by it assigned to appellant. The case was tried to the court without a jury and on December 15, 1914, after hearing the evidence, the court entered judgment for appellant for $587, and interest, amounting in all to the sum of $729.53. Forty-five days thereafter appellee filed a motion for a new trial, and on the same day there was filed in said cause findings of fact by the judge, in

which he found that the appellee was induced to sign the
note in question by reason of false and fraudulent repre-
sentations made to him by the agent of appellant, and
an order was entered setting aside the judgment of De-
cember 15, 1914, and entering judgment in favor of de-
fendant dismissing the complaint and giving him his
costs, from which judgment this appeal is prosecuted.

The motion to vacate the judgment was not based upon
an "irregularity," hence did not fall within the provisions
of section 4230, Code 1915, nor was it a default judg-
ment coming within the terms of section 4227, Code
1915. These sections of the statute are discussed in the
case of Coulter v. Board of Commissioners, 22 N. M. 24,
158 Pac. 1086, hence the question naturally arises as to
whether or not the court had jurisdiction to set aside the
judgment in question in favor of appellant theretofore
regularly entered.

In view of the holding by this court in the case of
Fullen v. Fullen, 21 N. M .212, 153 Pac. 294, in which
Justice Parker, speaking for the court, said:

"It is perfectly clear that we have no terms of court, ex-
cept for jury trials. The district courts are always in ses-
sion, independent of the jury terms. We have no statute
extending the control of a court over its judgments, after
entry thereof, except in two instances, viz., in cases of de-
faults for a period of 60 days (section 4227, Code 1915), and
in cases of irregularly entered judgments for a period of one
year (section 4230, Code 1915.) It follows, both on reason
and according to precedent, and taking into consideration
the necessity for a rule of certainty and finality, that final
judgments of the district courts in cases tried without a
jury become final when rendered, and then and there pass
from the further control of the court, except in the two
instances above mentioned."

—and the adherence to this rule in Coulter v. Board of
Commissioners, supra, and State er rel. Baca v. Board of
County Commissioners of Guadalupe County, 162 Pac.
175, not yet officially reported, we are compelled to hold
that the court had no jurisdiction to set aside and vacate
the judgment entered on December 15, 1914. Hence the
subsequent action in sustaining the motion to vacate this
judgment and entering judgment for appellee was void,

for which reason this cause must be reversed, and remanded to the district court, with instructions to set aside and vacate the order and judgment last referred to; and it is so ordered.

HANNA, C.J., and PARKER, J., concur.