## QUEEN v. McKISSOR.

### [No. 2416.    Oct. 5, 1920.]

#### SYLLABUS BY THE COURT.

A judgment or decree of the district court, which adjudicates the rights of the parties, passes from the control of the court, if no motion directed to it is filed within 30 days, and it cannot be amended or corrected by a motion directed to it, filed more than 30 days after the entry of such decree, and which motion seeks other and different relief than that given by the decree.

Appeal from District Court, Lincoln County; Medler, Judge.

Suit by Mary J. Queen against Elizabeth Blythe McKissor. Decree for plaintiff, motion to modify decree denied, and defendant appeals. Reversed and remanded, with orders to vacate the decree.

GEORGE W. PRICHARD, of Santa Fe, for appellant.
H. B. HAMILTON, of Carrizozo, for appellee.

#### OPINION OF THE COURT.

RAYNOLDS, J.   This is a case instituted by the appellee, hereinafter called the plaintiff, against the appellant, hereinafter called the defendant, for an accounting against the defendant, the appointment of a receiver, and the partition or division of certain personal property, namely, cattle, which the defendant had in her possession, of which the plaintiff claimed to be the owner of one-half. After overruling of a demurrer to the complaint, a receiver having been appointed to take charge of the cattle in question, the defendant answered, denying various allegations in the complaint, and claiming that she was holding the cattle in question as the agent of her mother, who was also the mother of the plaintiff, that she was not wasting the property, and prayed that the received be discharged, the cattle restored to her, and that she recover the expenses she had been put to by reason of this suit.

The case was tried by the court, and on the 29th of June, 1917, a decree was entered making various findings

of fact and conclusions of law.  Subsequently, on the
10th day of July, 1917, defendant filed an account claim-
ing $383.69 and expenses incurred in taking care of the
cattle while in her possession.  An order of court was
later entered on July 16, 1917, reciting that, upon peti-
tion having been filed to modify the decree, the decree
is modified to the extent of declaring a lien upon the
cattle in question to secure the receiver's fee and ex-
penses, and the receiver was further ordered to round
up the cattle in question and report to the court on the
30th day of July.  On the 4th day of August, 1917, the
report of the receiver was filed, and on the 10th of the
same month objections were filed to said report.  On the
4th day of August the report of the receiver was ap-
proved, and he was ordered to advertise for bids for
the remnant of the cattle which he had rounded up, and
report again to the court on the 15th day of August,
1917.  On the same day the expense account of the de-
fendant was rejected or disallowed, and a final decree
ordered to be entered on August 15th.  On the 15th of
August plaintiff filed a motion asking for a correction
of the decree, and that plaintiff have a lien on a portion
of the cattle set apart to defendant, being the value of
one-half the cattle alleged to have been sold by the de-
fendant of which the plaintiff was joint owner.  On the
15th day of August a decree was made and filed by the
court on the 16th day of August, which will be referred
to hereafter.  A motion for rehearing on this decree was
filed and denied, and an appeal granted to this court.

The controlling fact in this case, and upon which the
appellant relies for reversal, is that the court, in the de-
cree of August 15, 1917, was without jurisdiction, hav-
ing lost it on the entry of the decree entered June 29,
1917,  In this jurisdiction we have no terms of court
except for jury trials, and the control of the court over
its judgments is governed by the statutes.  As was said
in Fullen v. Fullen, 21 N. M. 212, 153 Pac. 294:

"We have no statute extending the control of a court over
its judgments, after entry thereof, except in two instances,
viz., in cases of defaults for a period of 60 days (section 4227,

Code 1915), and in cases of irregularly entered judgments for a period of one year (section 4230, Code 1915). It follows, both on reason and according to precedent, and taking into consideration the necessity for a rule of certainty and finality, that final judgments of the district courts in cases tried without a jury become final when rendered, and then and there pass from the further control of the court, except in the two instances above mentioned. In this connection, it is to be noted that this holding still leaves the court with the same powers over its judgments as formerly possessed after term time. The Crichton Case (20 N. M. 195, 147 Pac. 916), supra, is an example of the exercise of such power."

Since that case was decided the Legislature has enacted the following statute:

"* * * Final judgments and decrees, entered by district courts in all cases tried pursuant to the provisions of this section shall remain under the control of such courts for a period of thirty days after the entry thereof, and for such further time as may be necessary to enable the court to pass upon and dispose of any motion which may have been filed within such period, directed against such judgment: Provided, that if the court shall fail to rule upon such motion within thirty days after the filing thereof, such failure to rule shall be deemed a denial thereof; and, provided further, that the provisions of this section shall not be construed to amend, change, alter or repeal the provisions of sections 4227 or 4230, Code 1915." Chapter 15, section 1, Laws of 1917.

The decree of June 29, 1917, was a complete decree. It made findings of fact as follows: (1) That the mother of the parties, M. S. Biggs, gave the cattle to both plaintiff and defendant; (2) that this gift to the defendant was made on November 28, 1915, and that the cattle were to be cared for by defendant, and defendant had cared for the cattle, and had possession of them until the receiver in this case was appointed; (3) that the cattle had never been divided between the parties to this suit; (4) that the children of the defendant owned certain cattle branded in a certain way on the right jaw; (5) that the defendant owns the difference between one-sixth and the three sixteenths of the whole number, excluding the children's interest. A receiver was appointed to divide the cattle equally, excluding the children's cattle, and allowing the defendant the difference between one-sixth and three-sixteenths of said cattle. It was further provided that the remnant not

found in 10 days, but found later, be sold, and the money divided in the proportion set out in the decree. The receiver was ordered to report in 30 days for action on the remnant not found. The cattle belonging to the children and branded in their brand were to be delivered to the mother—that is, the defendant—and were to be marked so as to distinguish them from the other cattle. The parties were enjoined from marking or branding any cattle until final disposition by the receiver except as to the cattle which had been set apart by him. The decree further provided that expenses of the defendant since October, 1916, be settled at the time of the receiver's final report, and that the costs were to be equally divided.

As will be seen, this decree required certain action to be taken to carry it out, but the rights of the parties were apparently adjudicated by it. As shown above, the expense account of the defendant was rejected by the court on August 7, 1917, and the receiver's report was approved. No motion was made to amend the decree of June 29, 1917, in regard to the $300 claimed by the plaintiff, until the 15th of August, 1917, when this matter was called to the court's attention, and he was asked to amend the decree, so as to give the plaintiff $300, being the value of one-half of the cattle sold by the defendant since October, 1916. This was a motion directed to the decree, and there was no provision in the original decree under which it can be said that it was being held open for such purpose. It is alleged by the appellant that the decree of August 15, 1917, was entered without notice to her or her counsel, and an affidavit is filed to this effect. We do not, however, base our decision on the ground that there was no notice in this case, but upon the ground that the court was without authority to pass upon a motion directed to the original decree of June 29th, which was not filed within 30 days, as is required by the statute above set out. This is not a case for the correction of a decree, to make it speak the truth and correspond with the judgment of the court,

but a new and separate decree is entered, adding to the first decree and attempting to correct it.

The motion directed to the judgment or decree in this case was not filed within the time required by statute, and the court was therefore without jurisdiction to consider it, as the decree of June 29, 1917, had passed from its control. The case is therefore reversed and remanded, with orders to the trial court to vacate the decree of August 15, 1917; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur. ·