(No. 2876. October 9, 1925.)

In re CHICAGO, ROCK ISLAND & P. RY. CO.

### SYLLABUS BY THE COURT

1. This is a suit to recover taxes because of levies made which produce on the face of the county tax roll an amount more than 5 per cent. in excess of the amount produced on the face of the tax roll by the tax levies during the year preceding, it being claimed that the approval thereof by the state tax commission was not upon special written request by the county commissioners, and therefore illegal. The county commissioners made a written request to the state tax commission for permission to make levies necessary for the production of funds in accordance with the budget estimate submitted therwith, "pursuant to the provisions of section 310 and 311, c. 133, Laws of 1921." This budget did not embrace the school budget, which was sent direct to the state tax commission by the state educational auditor, with a written request for permission to levy taxes "in excess of 5 per cent. over last year for the general school fund and school districts." **Held,** that these budgets and accompanying requests were sufficient to invoke the discretion of the state tax commission to authorize the increase.

2. If the trial court enters an order sustaining a demurrer to an entire pleading, which alleges three causes of action separately stated, and the demurrer assails two of such causes of action and does not put in issue the other, it is the duty of counsel to call the court's attention to the error so made, so that the same may be corrected, and where the record shows nothing more than a general exception to the order sustaining the demurrer to the whole petition and a general exception to a judgment sustaining motion to dismiss

JANUARY TERM, 1925 603

In re. Chicago, Rock Island & Pacific Ry. Co. 30 N. M. 602

the petition after failure to amend, the appellate court will not consider an assignment of error based upon such order, in so far as the unassailed cause of action is concerned, when such mistake was not called to the attention of the trial court.

Appeal from District Court, Quay County; Hatch, Judge.

Ex parte proceeding by the Chicago, Rock Island & Pacific Railway Company to recover taxes paid under protest. From a judgment dismissing the petition, petitioner appeals. Affirmed.

W. A. Hawkins and H. H. McElroy, both of El Paso, Tex., for appellant.

### OPINION OF THE COURT

BICKLEY, J. This proceeding was instituted ex parte by the Chicago, Rock Island & Pacific Railway Company to recover taxes alleged to have been erroneously and illegally charged against it and paid by it under protest. The grounds for recovery, as set forth in appellant's petition, may be summarized as follows:

(1) It was alleged in the petition that in making tax levies for the county of Quay and for various school districts in said county there was a failure to comply with the requirements of sections 310 and 311 of chapter 133 of the laws of 1921, providing that no county or school district shall in any year make tax levies which will in any such county or school district produce on the face of the tax roll an amount of more than 5 per cent. in excess of the amount produced on the face of the tax roll by tax levies therein during the year preceding, except that in case it is desired to make tax levies which exceed 5 per cent. of the amount produced by the tax levies the preceding year, such fact shall be set forth in the form of a special written request filed with the state tax commission and in case the state tax commission approves such proposed increase it shall specifically authorize the same, and if it disapproves, it shall so state with its reasons therefor, and its decision shall

604        SUPREME COURT OF NEW MEXICO

In re. Chicago, Rock Island & Pacific Ry. Co. 30 N. M. 602

be final; and the petition specifically alleged facts showing that the tax levies for the county of Quay as a whole and for several of the school districts thereof for the year 1921 were in an amount of more than 5 per cent. in excess of the amount produced on the face of the tax roll by tax levies therein during the preceding year, and that no written requests for authority for such excess levies were filed with the state tax commission by the board of county commissioners of the county of Quay, by the authorities of either of said school districts, or by any other person authorized to make such written requests, and that by reason of such unauthorized excess levies, the appellant was compelled to suffer such illegal assessments and required to make over its protest the tax payments complained of.

(2) It was alleged in the petition that a certain tax levy was made for interest and sinkinig fund for bonds of school district No. 34 of Quay county, N. M., upon the property in school district No. 80, which was not subject to taxation for nor liable to payment of the interest and sinking fund for the bonds of school district No. 34.

Apparently by way of anticipation of the defense made by the authorities of Quay county, it was further alleged in the petition that about the 26th of July, 1921 the board of county commissioners of Quay county submitted to the state tax commission its budget estimate for county levies for said county; that the budget so submitted did not contain any budget whatever for school maintenance or for the county school fund, or for special school district levies; and that attached to said budget estimate was a written request for permission to make levies necessary for production of funds in accordance with the budget estimate so submitted, which request is as follows:

"July 26, 1921.
"To the State Tax Commission:
"Pursuant to the provisions of section 310 and 311, chapter 133, Laws of 1921, request is hereby made for permission to make the levies necessary for the production of funds in ac-

JANUARY TERM, 1925          605

In re. Chicago, Rock Island & Pacific Ry. Co. 30 N. M. 602

cordance with the budget estimate herewith submitted, Quay county.

"W. R. Rector,

"Chairman or Member Board of Co. Com."

It was further alleged that the request so made was limited to the budget submitted therewith, and that the same did not cover the budget for school maintenance or for special school district levies which were not submitted therewith; that the budgets for school maintenance and special school district levies were not made by the board of county commissioners, but were made thereafter by the state educational auditor; that the state educational auditor submitted said school budgets directly to the state tax commission, and that the same were not at any time submitted to the state tax commission by the said board of county commissioners; that at the time the board of county commissioners of Quay county, N. M., made the request for permission to make levies in accordance with the budget submitted by the state educational auditor to the state tax commission, it was not advised of the amount of the school budget estimate for said county, and was not so advised until about the 11th day of October, 1921, when said school budgets were returned to it with the approval of the state educational auditor; that in making the school budgets for the said county, the state educational auditor had submitted the said school budget for Quay county to said state tax commission, he making a written request without authority from the board of county commissioners to said state tax commission for permission to levy a tax in excess of 5 per cent. over the preceding year for the school fund, which request is as follows:

"John Joerns, State Educational Auditor.

Santa Fe, New Mexico, October 7, 1921.

"State Tax Commission, Santa Fe, New Mexico,

"In the matter of Quay County School Levies.

"Gentlemen: Request is hereby made for permission to' levy a tax in excess of 5 per cent. over last year for the general school fund and for the school districts as shown in the attached certificate.

"Yours very truly,

"JJ-FJ          John Joerns, Educational Auditor."

606    SUPREME COURT OF NEW MEXICO

In re. Chicago, Rock Island & Pacific Ry. Co. 30 N. M. 602

A demurrer was filed to the said petition by J. C. Compton, assistant district attorney for the Ninth judicial district within and for the county of Quay. The demurrer states that the petition does not allege facts which constitute a cause of action, because upon the face of the petition it appears that the board of county commissioners of Quay county made a written request to the state tax commission for authority pursuant to law to make levies necessary for the production of funds in accordance with the budget estimate therewith submitted for Quay county. For further cause, it is shown upon the face of the petition that the educational auditor of the state of New Mexico made a special written request for authority from the state tax commission of the State of New Mexico for a tax levy in excess of five per cent. over the year 1920 for general school purposes and for school district budgets, and that the state tax commission, in pursuance to said request, approved said school fund budget and said school district budget.

In the order sustaining the demurrer the court, after describing the hearing thereon, declared:

"It is therefore ordered by the court that said demurrer be and the same is hereby sustained. To which action of the court the petitioner did accept."

Thereafter the appellant, having elected to stand upon its petition, and the time for filing an amended petition having expired, the district attorney made a motion for final judgment dismissing the petition, and, upon hearing of said motion, the court entered final judgment whereby it was ordered and adjudged that the appellant is not entitled to the relief prayed for in its petition, and that it be denied any relief in the preises; and that the defendant be dismissed herein with judgment against the plaintiff for its costs in this behalf expended, "to which final judgment the petitioner duly excepted."

By proper proceedings the case is now here on appeal.

JANUARY TERM, 1925     607

In re. Chicago, Rock Island & Pacific Ry. Co. 30 N. M. 602

Appellant, for the purpose of presenting its argument, grouped the errors assigned under three general propositions:

"(1) The right to recover under the petition taxes wrongfully and illegally assessed and collected against the property of school district No. 80, for interest and sinking fund for the bonds of school district No. 34.

"(2) The sufficiency of the petition to sustain the recovery by appellant of excess taxes upon its property produced by the total levies for Quay county in an amount of more than 5 per cent. of the amount produced on the face of the tax roll during the preceding year, without authority prescribed by the statute.

"(3) The efficiency of the petition to sustain the recovery by appellant of excess taxes upon its property in various school districts produced by total levies of said school districts respectively in an amount of more than 5 per cent. of the amount produced on the face of the tax roll during the preceding year, without authority prescribed by the statute."

Appellant says in its brief that generally the arguments applicable to the second proposition apply to the third. We will, therefore, discuss propositions 2 and 3 together and first.

[1] Appellant contends that the state educational auditor was not authorized by the board of county commissioners of Quay county to make a request to exceed the levies of the preceding year by more than 5 per cent., and says that the exact questions to be decided are:

"(a) Whether the state educational auditor has, ex officio, the authority to request of the state tax commission authorization to make such excess levies for Quay county, and

"(b) Whether the request made by the educational auditor 'to levy a tax in excess of 5 per cent. over the year 1920 for the general school fund' is a compliance with the requirement of the statute providing that, 'in case the amount desired to be produced by tax levies is more than 5 per cent. greater than the amount produced by tax levies in the year preceding, such fact shall be set forth in the form of a specific written request, filed with the state tax commission.' "

Appellee contends that, as section 311, c. 133, laws of 1921, does not say who may file the required written request with the state tax commission any one having

608        SUPREME COURT OF NEW MEXICO

In re. Chicago, Rock Island & Pacific Ry. Co. 30 N. M. 602

interest in the matter might make the request. Appellant disputes this, and says that, even though the statute does contemplate that anyone having a proper interest in the matter could make the request, no proper request was made, because in the form of a request for permission to levy the excess tax for the general school fund and for school districts, and not a request for permission to levy in excess of 5 per cent. of the amount produced on the face of the tax roll during the year preceding for all county purposes, including school district purposes  Appellant says that the law did not contemplate that it would be necessary to have the authority of the state tax commission to exceed by more than 5 per cent. the amount of the levy for each or any particular fund, but that the limitation applied to the total of all levies of the taxation district, each municipal unit mentioned in the statute, to-wit, the county, city, town, village or school district being under this limitation upon its levies as a whole and having the right, free of this limitation, to adjust its particular levies to suit its needs so long as such levies in total do not exceed the limitation prescribed.

While admitting the importance and the wide scope of the duties of the state educational auditor, the appellant seems to feel that the board of county commissioners of the county who ultimately make the levies, being elected by the people of the county, are more closely in touch with their desires and needs and more representative of their wishes, and that no request for an increase over the inhibited limitation should be acted upon by the state tax commission unless specifically approved by such board of county commissioners.

Before discussiing the relations of the state educational auditor to the school system and to the county commissioners and to the state tax commission, we notice the fact that the written request made by the board of county commissioners set out in the petition and quoted above states that:

"Pursuant to the provisions of section 310 and 311 of

In re. Chicago, Rock Island & Pacific Ry. Co. 30 N. M., 602

chapter 133, Laws of 1921, request is hereby made for permission to make the levies necessary for the production of funds in accordance with the budget estimate herewith submitted."

We are not advised by the record what the requirements of the budget estimate were. It is apparent from the petition that the tax levies for 1921 would produce on the face of the tax roll an amount more than 5 per cent. in excess of the amount produced on the face of the tax roll by tax levies during the year preceding, but whether this was accomplished by the increase in the levies for school purposes requested by the state educational auditor, or by the budget estimate submitted by the county commissioners, or by both combined, is not apparent. Sections 310 and 311, c. 133, Laws of 1921, are as follows:

Sec. 310. **Tax Rate Limited to Five Per Cent. Increase Each Year.**

"No county, city, town village or school district shall in any year make tax levies which will in any such country, city, town, village or school district, produce on the face of the tax roll, an amount more than five per cent. in excess of the amount produced on the face of the tax roll by tax levies therein during the year preceding, except as hereinafter provided.

Sec. 311. **Increases greater than Five Per Cent. May Be Made With Approval of Tax Commission.**

"In case the amount desired to be produced by tax levies is more than five per cent. greater than the amount produced by tax levies in the year preceding, such fact shall be set forth in the form of a special written request filed with the state tax commission. In case the state tax commission approves such proposed increase, it shall specifically authorize the same; if it disapproves, it shall so state with its reasons therefor, and its decision shall be final."

As these sections which are specifically referred to in the request made by the county commissioners to the state tax commission refer only to levies to be made in excess of the inhibited limitation, it seems to us that this request in itself could be properly construed as a special written request to be permitted to make the excess levies. We assume that the county commissioners would not have made their written request pursuant

610    SUPREME COURT OF NEW MEXICO

In re. Chicago, Rock Island & Pacific Ry. Co. 30 N. M. 602

to sections 310 and 311, c. 133, Laws of 1921, unless the budget estimate required levies for the production of an amount in excess of the restricted 5 per cent, increase of the preceding year.

We are not impressed with appellant's argument that the state tax commission may authorize the increase in the tax rate under the provisions of section 310 and 311 of chapter 133, Laws of 1921, only upon the specific written request of the board of county commissioners. An examination of the powers given to the state tax commission and the state educational auditor by the Laws of 1921 creates the opinion that these officers are created and invested with powers to protect the interest of the taxpayers just as much as the county commissioners.

The county commissioners, at the time this cause of action arose, had no power over the levies for school purposes. No levies could be made by them for school purposes until after the revised and approved estimate of the state educational auditor was certified to such county commissioners, "and all levies for such purposes shall be made in conformity to the estimates of said auditor; provided, however, that nothing contained herein shall be construed as limiting the power of the state tax commission with respect to levies for school purposes." Section 3, chapter 190, Laws of 1921. The matter resting thus with the state educational auditor and the state tax commission, we see no reason why the state tax commissioners should not act upon the written request of the auditor, coming directly from him. An examination of sections 310 and 311 in connection with chapter 190, Laws of 1921, indicates that, for the purpose of fixing the amounts of the levies for school districts and for school funds, school districts are units separate from counties and municipalities, and that the state tax commission, upon the written request of the state educational auditor, could revise upward the levies for school purposes, even though the result would be to increase the total levies

JANUARY TERM, 1925    611

In re. Chicago, Rock Island & Pacific Ry. Co. 30 N. M. 602

in a county in which the school districts were situated in an amount in excess of 5 per cent. increase over the amount produced during the preceding year.   The increase in the levies for school purposes might or might not require an increase in the total levies of the county beyond the prohibited 5 per cent. increase; if it did not, there would be nothing to invoke the exercise of the discretion of the state tax commission.   If, on the other hand, it did demand such an increase, the written request of the auditor would be sufficient to invoke the exercise of such discretion.

Subsection 8 of section 507, c. 133, Laws of 1921, defining some of the powers of the state tax commission, is as follows:

"Have power and be charged with the duty of requiring the officers or governing body of all counties, municipalities, school districts or any other district having the power of taxation or authority to expend public moneys, to furnish and file with the commission, on or before the first Monday of August of each year, a budget showing in detail the financial condition of such district and containing an estimate in detail of the financial needs of such districts for which taxes must be levied by or through the boards of county commissioners at their meeting on the first Monday in October or otherwise as required by law.   Such budget shall be in such form and contain such information as shall be prescribed by the commission.   Such budgets shall be examined by the commission who shall have power and are charged with the duty to amend, revise, correct and approve the same as amended, revised or corrected, and certify the same to the board of county commissioners of each county, on or before the first proved by the commission shall be binding on all tax officials of the state."

It will be seen that the commission has power to amend, revise, correct the budgets of counties, municipalities, and school districts.

Whether the power granted to the commissioners permits it to increase the total levies of the county so that the same will produce an amount more than 5 per cent. in excess of the amount produced during the year preceding without a written request, if it is necessary to decide. But if the county budgets and the school budgets are both before the state tax commission show-

612    SUPREME COURT OF NEW MEXICO

In re. Chicago, Rock Island & Pacific Ry. Co. 30 N. M. 602

ing a requirement for tax levies above the prohibited increase limit, accompanied by a request of the county commissioners that the permission of the tax commission be granted to make levies necessary for the production of funds in accordance with the budget estimates therewith submitted and such request contains the statement that the same is made pursuant to sections 310 and 311, chapter 133, Laws of 1921, and the school budgets are accompanied by a written request by the state educational auditor for permission to increase levies above the restricted amount; then we think the requests are sufficient to invoke the discretion of the tax commission to permit the increase, and, the commission having acted on the matter and given its approval, and the county commissioners having made the levies on the basis of the budget estimates approved by the tax commission, such tax levies ought to stand.

The only other proposition argued by the appellant in its brief is that the demurrer did not present an issue as to certain allegations of the petition as follows:

"The sum of $442.06, being the proceeds of the levy by interest and sinking fund made in school district No. 34 and raised on the valuation of school district No. 80; the property in said district No. 80 not being subject to taxation for the bond of said school district No. 34. Val'n Dist. No. 80, $1,142.28. Levy made, .0037. Excess tax, $442.06.

"That the action of the county assessor, the board of county commissioners, and state tax commission in failing and refusing to recognize the existence of school district No. 80 in said county and in failing and refusing to prepare a tax roll for said district but in placing a description of the property therein and extending taxes there against on the tax rolls under district No. 34 is arbitrary, void, and is an attempt to require the taxpayers in said district No. 80 to pay to said district No. 34, taxes belonging to said district 80, and, further, that said appropriations and levies, so far as they pertain or apply to said district 80, are absolutely void, in that the local board of education, the board of county commissioners, the state educational auditor, and the tax commission, and each of them, failed to make a budget or appropriation for said district No. 80."

[2] In its brief appellant amplifies the allegations made in the petition but claims that the petition

JANUARY TERM, 1925    613

In re. Chicago, Rock Island & Pacific Ry. Co. 30 N. M. 602

was sufficient as stating ultimate facts. Appellant assigns as error the absence of a demurrer to this particular cause of action, and that the demurrer should not have been sustained against that part of the petition or as against the petition as a whole. The demurrer is directed to the petition as a whole, but does not, among the grounds thereof, assail the cause of action above quoted. After the court has sustained the demurrer, and within the time allowed for amendment or further pleading, the appellant might have taken steps to have preserved its cause of action, which it is claimed was not put at issue by the demurrer and its right to liquidate such matters would have been preserved, but when it failed to do so, and made merely a general exception to the order sustaining the demurrer, without calling particular attention of the trial court to the matters now assigned as error, and went to hearing on the motion to dismiss the petition without calling the attention of the court to such particular alleged error, and merely made a general exception to the judgment, it is not in a position to now complain. See Garcia v. Silva, 26 N. M. 421, 193 P. 498; Wallis v. Mulligan, 20 N. M. 328, 148 P. 500; and Cook v. City of Socorro, 22 N. M. 507, 165 P. 341, where the court decided:

"Where a trial court inadvertently enters an order sustaining a demurrer to a pleading to which no demurrer has been filed, it is the duty of counsel to call the court's attention to the error so made, so that the same may be corrected, and where the record on appeal shows that an order was made by the trial court sustaining a demurrer to an answer to a counterclaim, where a demurrer was filed only to the reply, the appellate court will not consider an assignment of error based upon such order in so far as the answer to the counterclaim is concerned, where such mistake was not called to the attention of the trial court."

The judgment is therefore affirmed; and it is so ordered.

PARKER, C. J., and WATSON, J., concur.