[No. 2972. Sept. 20, 1926.]

## AMERICAN NAT. BANK OF TUCUMCARI v. TARPLEY et al.

[250 Pac. 18.]

### SYLLABUS BY THE COURT

Order overruling motion to set aside judgment on ground of irregularity affirmed.

Appeal from District Court, Quay County; Leib, Judge.

Action by the American National Bank of Tucum-

[1] 34CJ p. 275 n. 83.    [2] 33CJ p. 815 n. 34; 34CJ p. 275 n. 83.    [3] 34CJ p. 115 n. 76.    [4] 8CJ p. 44 n. 87; p. 982 n. 23; 29CJ p. 760 n. 27; 31Cyc p. 809 n. 44.    [5] 4CJ p. 719 n. 36.

cari against Lee Tarpley and another. From an order overruling the named defendant's motion to set aside a final judgment in favor of plaintiff, but setting such judgment aside as to his co-defendant, the named defendant appeals. Affirmed.

H. A. Kiker, of Raton, for appellant.

James L. Briscoe, of Tucumcari, for appellee.

### OPINION OF THE COURT

BICKLEY, J.    [1] In this cause plaintiff (appellee) filed its complaint by which judgment was sought against the defendants for the sum of approximately $8,000 on account of a note given by the defendants to the Peco Producing & Refining Company, and pledged by that company to plaintiff to secure an indebtedness owing by that company to the plaintiff, on which there was due approximately $4,000. The record does not show any answer or other defensive pleading by the defendants, except a stipulation entered into between the plaintiff and the defendants. Said stipulation is as follows:

"Whereas, in the above-styled suit, the plaintiff, as pledgee, has brought suit on a note of the defendants given to the Peco Producing & Refining Company, which note has been pledged to plaintiff;

"And whereas, the amount due on the American National Bank of Tucumcari, N. M., plaintiff, from the said Peco Producing & Refining Company, for which the note of the defendants was pledged as security, is less than the amount of the note of the defendant to the said Peco Producing & Refining Company;

"And whereas, the defendant believes that he has a bona fide defense to plaintiff's action as to the amount of his note owing to the Pecos Producing & Refining Company, in excess of the indebtedness of the Peco Producing & Refining Company for which the note of the defendant was pledged, said bank being an innocent holder in due course for value;

"And, whereas, it is not convenient to litigate the defense of the defendant as to such remainder at the present time:

"Now, therefore, it is mutually agreed between the parties that the defendants will confess judgment in this action for the amount owing to the said American National Bank

JANUARY TERM, 1926        669

American Natl. Bank, Tucumcari v. Tarpley et al., 31 N. M. 667

of Tucumcari, N. M., by the said Peco Producing & Re-
fining Company, according to the tenor of the note at-
tached to plaintiff's complaint as Exhibit B, and that
thereafter the said suit may proceed to judgment as to
the balance of the amount of the note executed by these
defendants to the said Peco Producing & Refining Com-
pany, attached to said complaint as Exhibit A, and that
the right of said Peco Producing & Refining Company
to recover such balance may be litigated in this or any
other suit, and the defendants herein hereby consent that
such matter may be litigated."

The stipulation was filed by the defendant Lee Tar-
pley and defendant Margie A. Tarpley, his wife, by
K. K. Scott, attorney. Upon the stipulation of the
parties and upon the appearances of the plaintiff by its
attorney and the defendants by their attorney, respec-
tively, on the 13th day of March, 1923, the court ren-
dered judgment in favor of the plaintiff and ''against
the defendants, Lee Tarpley and Margie A. Tarpley,
for the sum of $4,090.60.''

On August 4, 1923, the defendants filed their motion
to vacate the judgment, each defendant being represent-
ed by the same attorney thereunto authorized in writ-
ing. The motion was based upon several propositions,
those which are here argued being that the stipulation,
pursuant to which judgment was rendered, was not a
stipulation as to any fact, but was a stipulation of mat-
ter of law, not binding upon the court, and that said
stipulation did not authorize the court to enter the
judgment; and that the attorney assuming to represent
the defendant Margie A. Tarpley was not authorized by
her to sign the stipulation.

On September 28th following, an order was made by
the court vacating the judgment as to the defendant
Margie A. Tarpley, but overruling the motion as to the
defendant Lee Tarpley. An appeal was taken by the
defendant Lee Tarpley ''from the order of the court
overruling the motion filed by defendant to set aside
the final judgment theretofore entered in said cause.''
The case is now here on such appeal.

Appellant advances two propositions: (1) The court

670     SUPREME COURT OF NEW MEXICO

American Natl. Bank, Tucumcari v. Tarpley et al., 31 N. M. 667

was without authority to enter judgment based upon the stipulation filed in said cause, because it was a stipulation as to matter of law, and not as to matter of fact. (2) The judgment, having been entered, is a joint judgment; and, when opened as to one of the joint debtors, should have been opened as to both.

The motion to set aside the judgment was filed too late to invoke the power of the court, under chapter 15, Laws 1917, it apparently being the theory of appellant that the judgment should be set aside by virtue of the power of the court, under section 4230 of the 1915 Code, which is as follows:

"Judgments may be set aside for irregularity, on motion filed at any time within one year after the rendition thereof."

After considering the affidavits and the evidence offered by the parties, the court, in ruling on the motion, said in part:

"After the expiration of the 30 days, the court loses control of judgments entirely with certain exceptions; that is, judgments may be set aside within one year for certain irregularities.

"Our Supreme Court has definitely announced and decided what constitute irregularities sufficient for setting a judgment aside. I doubt very much whether this judgment comes within this decision of the Supreme Court, in so far as the defendant Lee Tarpley is concerned. Moreover, as to the mistake of law, the court takes a different view from counsel. As to the stipulation and the statements made, my recollection is that they would confess judgment, and the defendant, through his counsel, openly solicited the entering of a judgment, not upon a legal proposition, but that it was due and owing to the plaintiff. Whether or not they were right or wrong about the construction of the law, there are several different rules of law which might be applied. One of them is that, when the parties to any transaction construe the law, they are bound by that rule or construction; another is that everybody is presumed to know what the law is, and is bound by that presumption. Those are fundamental propositions to which there are exceptions. The proposition as to the power of the court to render a judgment upon a mistake as to the law is a novel one with which the court has never come in contact. It appears that the stipulation is a stipulation concerning ultimate facts, rather than a stipulation as to the law. The pleadings here set up and allege that the defendant Lee Tarpley labored under a

misapprehension and mistake as to the law. He does not state that he was misinformed or that any fraud was practiced upon him. A court of equity does not relieve for mistakes of law except in rare cases. As I stated, this court is bound by the provisions of the statute which say that no judgment shall be set aside except for an irregularity, and the question presented is whether or not an irregularity of law is such an irregularity as contemplated by the statute; that is, whether a mistake of law is sufficient to set aside the judgment.

"The motion, stating as it does, facts which show that the defendant did consent to this judgment without full knowledge of his legal rights rather appeals to the court. If the judgment was erroneously entered and substantial rights had been lost, the defendant would be entitled to relief. The court, however, is not authorized to grant relief except in certain cases, and I think in this case I am bound by the statute; and I do not think such a mistake is contemplated by the statute. There are several other reasons which the court might give for refusing to set aside the judgment as to Lee Tarpley. When a man comes into court, either by stipulation or through counsel, and in open court consents to judgment being rendered against him, which was, in substance, done in this case, the court is bound by his actions. Cases must necessarily end at one time or another, and it would be bad policy to set aside judgments except in rare instances. I do not want to establish a precedent that, because a man was mistaken as to the law, he could have a judgment set aside which he had voluntarily consented to in open court. For the reasons stated, the motion as to the defendant Lee Tarpley will be denied. As to Mrs. Tarpley the motion will be allowed."

The court suggested that an error might have been committed in the rendition of the judgment, but that there was no "irregularity" in it authorizing the setting aside thereof. The trial court did not cite the decisions of this court upon which he relied as defining an "irregularity," but we apprehend that he may have had in mind Coulter v. Board of County Commissioners, 22 N. M. 24, 158 P. 1086, where we said:

"The term 'irregularity' is defined to be the want of adherence to some prescribed rule or mode of proceeding, and it consists either in omitting to do something that is. necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time or improper manner. It is a departure from some prescribed rule or regulation. Vol. 2 Words and Phrases, Second Series, p. 1240 (1204). The original judgment entered in this case violated no rule or mode of proceeding. It was regularly entered, upon confession of judgment; hence did not fall within the terms

of the above statute, unless an error of law on the part of the court constitutes an irregularity, within the meaning of the statute. That such is not the case is well established by the text-writers and adjudicated cases. In Black on Judgments (2nd Ed.) § 329, the author says:

"The power to vacate judgments on motion is confined to cases in which the ground alleged is something extraneous to the action of the court or goes only to the question of the regularity of its proceedings. It is not intended to be used as a means for the court to review or revise its own final judgments, or to correct any errors of law into which it may have fallen. That a judgment is erroneous as a matter of law is ground for an appeal, writ of error, or certiorari, according to the case; but it is no ground for setting aside the judgment on motion.'

"In the next section (330), the author says:

·"'So where, in an action regularly commenced and prosecuted without any fraud or fraudulent representation, judgment is rendered by consent against the defendants, they cannot thereafter .have the judgment set aside and a new trial granted on the ground of the existence of a complete legal defense to the action, the nature and extent of which they were aware of at the time of the entry of the judgment'."

In 33 C. J., at page 814, "irregularity" is defined, and, among other things, it is said:

"Irregularities do not result from adjudications, and in that respect are to be distinguished from errors."

Tested by these rules, we think that if the court considered the phrase, "said bank being an innocent holder in due course for value," the statement of an ultimate fact and not a conclusion of law, the court merely adjudicated a question to be determined, even if appellant is right in his contention that the court could not render a judgment upon a stipulation containing only a conclusion of law.

In addition to this we are impressed with the argument of appellee that if the clause of the stipulation above quoted were disregarded as surplusage, the proceedings still offered sufficient basis for the judgment. Appellant says that:

"The stipulation pursuant to which judgment was rendered was not a stipulation as to any fact."

JANUARY TERM, 1926                   673

American Natl. Bank, Tucumcari v. Tarpley et al., 31 N. M. 667

Were the cause complained against disregarded, there remains the statement in the first paragraph that describes the plaintiff as the pledgee of the note and says that the note ''has been pledged to the plaintiff.'' If we assume that this is a statement of fact, the presumption is that the plaintiff is a holder in due course.

It has been said that a pledgee is an owner. Whelen v. Goldman, 62 Misc. Rep. 108, 115 N. Y. S. 1006, 1010, and it is also decided that ''owner'' and ''holder'' are synonymous terms. See Words and Phrases, First and and Second Series.

The complaint alleges:

"That the said note, Exhibit A, was indorsed by the said Peco Producing & Refining Co. and delivered to this plaintiff as a part of said last-mentioned transaction, and that the plaintiff since that time has been, and now is, the holder of said note referred to as Exhibit A, as such pledgee.' '

This allegation was not denied by appellant, and, by the admission that the note had been pledged to appellee bank, is inferentially admitted.

Section 785 of the Code defines ''holder'' as follows:

" 'Holder' means the payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof."

And it is to be noted also that section 59 of the Commercial Paper Act, § 653 of the Code, provides:

"Every holder is deemed prima facie to be a holder in due course."

So, from the foregoing, it would appear that plaintiff (appellee) was at least prima facie a ''holder in due course,'' without the aid of the clause in the stipulation which appellant assails.

Furthermore, the court, upon the basis of recitals in the stipulation and what transpired in open court, recites that appellant in open court consented to the judgment being rendered against him. We think that the appellant's first point should be ruled against him.

674        SUPREME COURT OF NEW MEXICO

American Natl. Bank, Tucumcari v. Tarpley et al., 31 N. M. 667

We do not think plaintiff is in a position to urge his second proposition at this stage of the proceedings. Appellant joined in the motion to set aside the judgment, as to the defendant Margie A. Tarpley, for all the reasons urged as to the infirmities of the judgment against himself, and, in addition thereto, an additional ground as to its defects as against said defendant Margie A. Tarpley. No objection was made in the court below that the judgment could not be vacated as to one of the defendants without being set aside as to both. From aught that appears in the record, the appellant acquiesced in the court's action in so sustaining the motion as to Mrs. Tarpley. An exception was taken to the overruling of the motion as to the defendant Lee Tarpley, which, at most, challenges the refusal of the court to set aside the judgment for the reasons stated in the motion. When appellant made merely a general exception to the order overruling his motion without calling particular attention of the trial court to the matters now assigned as error, he is not in a position to now complain. See In re Chicago, R. I. & P. Ry Co., 30 N. M. 602, 240 P. 307. Appellee presents a number of arguments to show that, under the circumstances of this case, vacating the judgment as to one defendant does not require setting it aside as to the other. We are impressed with the argument, but it is not necessary to discuss these arguments, because we believe it proper to dispose of appellant's second proposition upon the procedural ground raised by appellee.

For the reasons given, the order of the lower court appealed from is affirmed, and it is so order.

PARKER, C. J., and WATSON, J., concur.