389 P.2d 7

Frank J. ELWESS and Frank C. Elwess, Plaintiffs-Appellees,

v.

Royal ELWESS, Defendant-Appellant.

No. 7331.

Supreme Court of New Mexico.

Jan. 27, 1964.

J. H. Burttram, Santa Fe, for appellant.

Chacon & Melendez, Espanola, for appellees.

CHAVEZ, Justice.

This is an appeal from a judgment for plaintiffs, based upon a stipulation entered into by the parties.

The complaint, filed September 13, 1961, alleged that Frank J. Elwess and his minor son, Frank C. Elwess, plaintiffs-appellees, entered into an oral agreement of partnership with defendant-appellant Royal Elwess, to engage in the truck hauling business and divide the profits and losses equally between plaintiffs and defendant; that the parties did engage in a general trucking business; that plaintiffs demanded and were refused an accounting and examination of the books of the partnership; that demand for plaintiffs' share of the profits was made and refused; and that plaintiffs are in fear of a wasting of the partnership assets. The prayer for relief requested an affirmance of the partnership agreement, an accounting, dissolution of the partnership, sale of the assets, payment of the liabilities, and division of any surplus. An immediate temporary restraining order, preventing the

wasting of the partnership assets, was also requested.

On October 17, 1961, a stipulation was filed by the parties, which provided that defendant would transfer title to plaintiffs to a 1957 Mack tractor truck, presently mortgaged to Universal C.I.T. Credit Corporation for five months, and a 1947 Fruehauf semi-trailer, and other assorted equipment, defendant retaining a lien upon the tractor and trailer. Plaintiffs agreed to pay defendant $4,679.65 at set monthly installments; make all monthly payments due to Universal C.I.T. Credit Corporation; keep fire, theft, liability and comprehensive insurance upon the vehicles in question; and that the case between the parties be dismissed by plaintiffs.

Thereafter, on October 17, 1961, an order dismissing the case was filed. On March 2, 1962, plaintiffs filed a motion requesting that the cause be reopened on the ground that the case had previously been dismissed without court approval of the stipulation of the parties, and that plaintiffs desired the court's approval in order to enforce the stipulation through proper legal proceedings. In response, defendant contended that the matter had been dismissed on plaintiffs' motion more than sixty days previous thereto and that the court had lost jurisdiction.

On April 6, 1962, an order was filed reciting:

"* * * the parties having stipulated that this cause be reopened, that the Stipulation and Agreement entered into by the parties on the 16th day of October, 1961, and filed in this cause be approved and that the Court retain jurisdiction in this matter."

It was ordered that the stipulation be confirmed and that the court retain jurisdiction of the cause for enforcement of any orders entered in connection therewith.

Plaintiffs subsequently filed a petition requesting compliance with the stipulation; defendant responded; and the court, after a hearing on the merits, entered judgment ordering compliance with the stipulation. It is from this judgment that this appeal is brought.

In his first point, appellant contends:

"The Court erred in issuing an Order to Show Cause why the above case should not be reopened, which said order was filed March 2, 1962, and the Court erred in setting aside the former dismissal, in approving a stipulation, and in ordering that the Court retain jurisdiction of this cause for the enforcement of this order or other orders that may be issued herewith, which said order was filed on April 6, 1962."

As a basis for this contention, appellants cite § 21-9-1, N.M.S.A., 1953 Comp., the pertinent portion of which provides:

"* * * Final judgments and decrees, entered by district courts in all cases tried pursuant to the provisions of this section shall remain under the control of such courts for a period of thirty [30] days after the entry thereof, and for such further time as may be necessary to enable the court to pass upon and dispose of any motion which may have been filed within such period, directed against such judgment; * *."

Thus, appellant contends that when the trial court dismissed the action by order dated October 17, 1961, it lost jurisdiction thirty days thereafter and could not reopen the case.

At common law, the rule was that the court, after entry of judgment, did not lose jurisdiction over the subject matter until the end of the term of court. However, in New Mexico, we held that terms of court applied only to jury trials, and it therefore followed that, once the judgment had been entered in a non-jury case, the judgment became final and the court lost jurisdiction over the subject matter. Coulter v. Board of Commissioners of Bernalillo County, 22 N.M. 24, 158 P. 1086; Fullen v. Fullen, 21 N.M. 212, 153 P. 294; Crichton v. Storz, 20 N.M. 195, 147 P. 916; United States v. Gwyn, 4 N.M. 635, 42 P. 167. Because of the harshness of this rule, in 1917 the legislature enacted the above cited portion of § 21–9–1, which gave the trial courts control over their judgments for a period of thirty days. However, once the thirty-day period has passed, we have consistently held that the court loses jurisdiction over the subject matter. Chavez v. Ade, 38 N.M. 389, 34 P.2d 670; Singleton v. Sanabrea, 35 N.M. 491, 2 P.2d 119; American National Bank of Tucumcari v. Tarpley, 31 N.M. 667, 250 P. 18; Queen v. McKissor, 26 N.M. 404, 193 P. 72.

McCuistion v. McCuistion, 73 N.M. 27, 385 P.2d 357, was an appeal from a judgment awarding attorneys'. fees in a divorce action, the judgment coming down after the parties to the action had become reconciled and made a voluntary dismissal of their pending divorce action by stipulation. In that case we said:

"The voluntary dismissal of a suit leaves a situation, * * * the same as though the suit had never been brought; * * * all prior proceedings and orders in the case are vitiated and annulled, and jurisdiction of the court is immediately terminated. * * *

"After voluntary dismissal, the court was without further jurisdiction and had no right to render any judgment. The case was moot and the parties were out of court for every purpose. * * *"

In McCuistion, we quoted with approval from Kiser v. Crawford, 182 Iowa 1249, 166 N.W. 577, as follows:

" ' * * * When the suits were dismissed on February 26th, such dismissal terminated the jurisdiction of the court therein, and carried down with it every previous order made therein. * * * ' "

The McCuistion case is controlling on the question before us, as once the parties agreed in their filed stipulation to dismiss the case, under Rule 41(a), (§ 21–1–1(41)(a), N.M.S.A., 1953 Comp.), it was dismissed and the court was powerless to prevent it.

■■ Appellees contend, however, that a court may vacate and modify its judgment, after it has otherwise lost jurisdiction through the passage of time, if all the parties consent thereto, citing cases from Illinois and Texas. Whatever the rule may be in those states, in New Mexico we have held that jurisdiction of the subject matter may not be conferred by consent. In re Conley's Will, 58 N.M. 771, 276 P.2d 906; State Corporation Commission v. Mountain States Tel. & Tel. Co., 58 N.M. 260, 270 P.2d 685; McCann v. McCann, 46 N.M. 406, 129 P.2d 646; Davidson v. Enfield, 35 N.M. 580, 3 P.2d 979. The word "jurisdiction" is a term of large and comprehensive import. It includes jurisdiction over the subject matter, over the parties, and power or authority to decide the particular matters presented, and the lack of any essential is fatal to the judgment. In re Field's Estate, 40 N.M. 423, 60 P.2d 945; State v. Patten, 41 N.M. 395, 69 P.2d 931; Bernstein v. Bernstein, 1964, N.M., 388 P.2d 187.

■ We therefore hold that the trial court was without jurisdiction over the subject matter to set aside the order of dismissal dated October 17, 1961, and reopen the case by its order of April 6, 1962, even though the order recites that the parties thereto had stipulated that the cause be reopened.

In view of our holding, it is unnecessary to consider the other points raised by appellant.

The judgment is reversed and the cause remanded to the district court with direction to vacate the judgment heretofore entered.

It is so ordered.

NOBLE and MOISE, JJ., concur.