UNION COUNTY v. KNOX COUNTY.

(*Knoxville.*   October 1, 1891.)

1. ABATEMENT, PLEA IN.   *Waiver of.*

Plea in abatement to local jurisdiction of Chancery Court is waived, if the defendant demurs or obtains time to answer after his plea has been set down for argument and held insufficient.

Cases cited and approved: Wilson v. Scruggs, 7 Lea, 635; Simpson v. Railroad, 89 Tenn., 304.

2. SAME.   *Bad in substance.*

Plea in abatement presents no grounds to defeat the local jurisdiction of Chancery Court, where it avers that a county cannot maintain suit in its own Chancery Court to prevent the taking of a portion of its territory by another county under color of an unconstitutional Act of the Legislature.

3. COUNTIES.   *Unconstitutional Act changing county line.*

A statute changing the line between two counties is unconstitutional if it cuts off territory from one county which lies within eleven miles of its court-house and transfers such territory to the other county.

Constitution construed: Art. X., Sec. 4.

Act construed: Acts 1889, Ch. 194.

*Question reserved:* Whether a statute is void upon its face for uncertainty which provides "that the lines between Knox and Union Counties be so changed as to include the lands of Charles H. Smith, R. H. Harless, A. K. Mynatt, L. D. Bates, and Joseph Bates in Knox County."

FROM   UNION.

Appeal from Chancery Court of Union County. H. R. GIBSON, Ch.

JOHN P. ROGERS and J. L. ROGERS for Union County.

WASHBURN & TEMPLETON for Knox County.

SNODGRASS, J. By an Act approved April 4, 1889, the Legislature undertook to change the county line between the counties of Knox and Union. The Act, passed April 1, 1889, and found on page 384 of published Acts of that session, is in the following words:

"*Be it enacted by the General Assembly of the State of Tennessee,* That the lines between Knox and Union Counties be so changed as to include the lands of Charles H. Smith, R. H. Harless, A. K. Mynatt, L. D. Bates, and Joseph Bates in Knox County."

The points in the change of line were not indicated otherwise, or further than might be developed according to the location of lands belonging to the several parties named, which of course gave no information to the body of the Legislature as to where or how they were changing the line, or how or where it would thereafter run. In fact it, at the designated lands, already ran in less than eight miles of the county seat of Union County, and by this change was made to run within about six miles of said county seat and the court-house situated therein.

The bill in this cause, alleging that the Act was unconstitutional and void, was filed in the

Chancery Court of Union County to have it declared so.

Process issued and was executed upon Knox County. It appeared by attorney, and plead in abatement to the jurisdiction of the Court. The plea was set down for argument, and was held bad, and respondent ordered to answer. On its application, thirty days were allowed for this defense. A part of the record in the cause is lost, and is supplied by agreement. But neither that before us, nor the agreement, shows any further defense made, though it is argued by counsel that a demurrer was filed; and the bill was taken for confessed and final decree entered against defendant. It appealed in error. The brief assigning errors and argument of counsel is alone on the question of jurisdiction.

If there was any question as to the jurisdiction, it was waived by appearance either to demur or to ask time to answer after the plea was held insufficient. *Wilson* v. *Scruggs*, 7 Lea, 635; *Simpson* v. *Railroad Company*, 5 Pickle, 304.

The last case, which in express reference approves the first cited, is assumed by counsel for defendant here to modify it, because it was there held that where such plea was declared insufficient, the defendant had the right to plead over. But no such application follows. The point decided was that he had the right to plead over if he elected to do so, and, if he so elected, complainant was not entitled to a final judgment. The question being

whether or not defendant. could plead over if he
elected, it was held that he could, just as held in the
7 Lea case, but not upon other or different terms
than therein declared. There it was held that if
he elected to plead over he waived the benefit of
his plea to the jurisdiction. In the subsequent
case it was held that if he elected to plead over,
while he waived such advantage, he defeated com-
plainant's right to a final judgment. The question
determined was an entirely different one from that
settled in the first case—one case dealing with
one question and the other with another; neither
bearing any necessary relation to the other, and
certainly no inconsistent relationship.

But, passing this question, the plea was bad. If
the Act of the Legislature was void, the section
of Union County cut off remained there notwith-
standing the form of legislative enactment declar-
ing the contrary. The territory continued to be
that of Union County; and when Knox County
entered upon it and assumed jurisdiction of it, that
county was a trespasser within the boundary of
the other, and suit was properly brought in the
latter, averring the invalidity of the Act.

Whether the Act—not defining any territory
taken off or added, not pointing out any points
or objects on the line changed, giving no bound-
aries other than might be found by surveying all
lands of the parties named in it, wherever they
might lie or by whatever title held—could be valid
on its face it is not necessary here to say, inas-

much as if valid in form it is void in fact, be-
cause it brings the line of Union County nearer
than it was to the court-house of the county, al-
though when the Act was passed it was already
within eleven miles thereof. The fourth section of
Article X. of the Constitution forbids such encroach-
ments in the formation of new counties; and we
hold it applies to the addition of new territory
to old counties, and that new counties cannot be
formed, in whole or in part, out of fractions of old
ones, if to do so it is necessary to remove the
lines of the old nearer than eleven miles of the
court-house of the county, or nearer when they
are already established within eleven miles.

The decree was therefore correct, and is affirmed
with cost.