No. 9483.

THE PEOPLE EX REL. *v.* DISTRICT COURT OF THE FIFTH DISTRICT.

1. COUNTY—*Interest of County in Lands within its Bounds.* A county has an interest, and a form of right, in all property within its boundaries; the right of taxation; the control of the public highways; and the jurisdiction of its courts over controversies relating to such properties.

2. COUNTY BOUNDARIES—*Effect of Survey by State Engineer.* If within six months of the filing of the report of the State Engineer upon his survey of a county boundary, an action is brought, pursuant to the statute to determine such boundary, such survey is without effect for any purpose.

3. *Action to adjust—Venue.* The District Court of the county from which, by the survey of the State Engineer, territory is taken, has jurisdiction of an action to establish the boundary (Rev. Stat. 1162).

*Writ of Certiorari.*

Mr. CARL A. KAISER, Mr. JAMES T. HOGAN, for petitioner.

Mr. H. R. PENDERY, County Attorney; Mr. JOHN A. EWING, for respondent.

MARCH 20, 1918, the Board of County Commissioners of Lake County, as plaintiff, commenced an action in the District Court of Lake County against the Board of County Commissioners of Summit County to adjudicate, determine, settle and establish the boundary line between Lake and Summit Counties. The complaint alleges, *inter alia,* that the boundary of Lake County, as fixed by the Legislature, commences at the northeast corner of Park County, at a point on the summit of the Snowy Range, and runs thence due west; that, upon the petition of Summit County, the State Engineer, and certain county surveyors, proceeded to establish the northwest corner of Park County, and the line between Summit and Lake Counties which was indefinite and indistinguishable, but that, in doing so, instead of commencing at the northwest corner of Park County, as fixed by the Legislature, they began at a point called Mt. McNamee, which, it is alleged, is a mile and a quarter southerly from the northwest corner of Park County, and caused a report thereof to be lodged with the County Clerk of Lake County; that the line so run made a change in the boundary, as fixed by the Legislature, and placed valuable territory belonging to Lake County, for taxation, within the boundary of Summit County; and the action was brought, under the statute, within six months after the lodging of the State Engineer's report, for the purpose of adjudicating and settling the line. On the 21st of March service was had by delivering a copy of the summons and complaint to the Clerk of the Board of County Commissioners of Summit County, at Breckenridge, the county seat. April 20th defendant filed motion for a change of venue from Lake to Summit County, based upon an affidavit and the records and files in the case. September

16th the court denied the motion for change of venue, and petitioner asks to have that ruling reviewed, corrected and reversed on certiorari.

The Code, as far as applicable to the action, provides: Actions for the recovery of real property, or any interest therein, or for the determination of any form of such right or interest, shall be tried in the county in which the subject of the action, or some part thereof, is situated; that all actions affecting property shall be tried in the county where the property, or the greater part thereof, is situated; and in all other cases, the action shall be tried in the county where the defendant may reside at the commencement of the action.

Garrigues, C. J., after stating the case as above, delivered the opinion of the court.

Under the provisions of section 1, p. 238, S. L. 1887, the State Engineer, and certain county surveyors, upon the petition of Summit County, proceeded to establish the boundary line between Lake and Summit Counties, and lodged a report of the line so run with the County Clerk of Lake County. Claiming that this was not the line fixed by the Legislature, Lake County, within six months, commenced an action, as provided by the statute, to adjudicate, settle and determine the boundary line. Summit County moved for a change of venue to Summit County, which was denied, and the question is, was the motion for a change of venue properly denied?

Petitioner argues two points: First, that the action comes within the category "in all other cases," mentioned in section 29 of the Code, and, for this reason, should be tried in Summit County. The second is based upon the report, lodged with the County Clerk, of the line run by the State Engineer, by virtue of which it is claimed the property is presumptively within Summit County until such time as the report of the Engineer is overthrown, therefore, the action should be tried in Summit County.

As to the first proposition, the Code provides that actions

affecting property shall be tried in the county where the property is situated; that actions for the recovery of real property, or any interest therein, or for the determination of any form of such interest or right, shall be tried in the county where the subject of the action is situated. The subject of this action is the disputed territory alleged to be situated in Lake County, and the object of the action is to judicially define and settle the boundary line, as fixed by the Legislature. The disputed territory includes all the property within its boundaries, and such property is affected by the action, which will determine the county that has certain rights in relation thereto. A county has an interest, and a form of a right, in the property within its boundaries. The boundary affects the rights of the counties; the rights of the people therein, and property rights within the territory; the rights of the respective counties for purposes of taxation; the rights of the county to ownership and possession of, and control over, roads and highways within the territory; and the jurisdiction of courts over the trial of actions. So, we reach the conclusion that the action involves an interest in real property, that it is for the determination of a form of an interest or right in real property, and that it affects property, and should be tried in the county where the property is situated.

Upon the second point, the claim that the property is presumptively situated within Summit County, on account of the line run and reported by the State Engineer, is based upon the laws of 1887, which provide that the line so run shall be the boundary line, unless one of the counties shall, within six months from the day of filing the report, commence an action in a court of competent jurisdiction to determine and settle the line. If suit is not brought within six months, it becomes the line by force of the statute; but, if suit is brought, it has no force or effect. Lake County could accept the line contained in the report, or ignore it and bring an original action under the statute to determine and settle the line. In the latter event, no attention is

paid on the trial to the line run by the State Engineer, and it has no force or validity as a line for any purpose. The action is not to change, correct or overthrow the boundary, but is an original proceeding to determine and establish it, as fixed by the Legislature. *Gunnison County v. Saguache County,* 2 Colo. App. 412, 414, 31 Pac. 183; *Hinsdale County v. Mineral County,* 9 Colo. App. 368, 373, 381, 383, 48 Pac. 675.

Before the case could be properly transferred to Summit County, it would have to be shown that the territory belonged to, and was within, Summit County. This is the very matter in dispute. The court could not try, and determine, the issue involved for the purpose of passing upon the motion for a change of venue. Had the court held the line run by the State Engineer was the line fixed by the Legislature, and that the subject matter of the action lay within Summit County, it would have determined the case on motion for change of venue.

The motion for a change of venue is based upon an affidavit and the records and files in the case. The records and files in the case consist of the complaint, the summons and the sheriff's return thereon; the affidavit adds nothing new or different. The complaint alleges that the disputed territory is situated within Lake County, and, for the purposes of the motion for change of venue, this must be taken as true. There is no presumption that the territory is situated in Summit County on account of the line run by the State Engineer. The action being for the purpose of establishing the line, and not for the purpose of correcting, overthrowing or disproving the line run by the Engineer, there is no burden upon Lake County to prove that this line is wrong. The duty of the court on the trial is to pay no attention to such line, and adjudicate and settle the line fixed by the Legislature. The evidence on the trial may show that the line established by the State Engineer is correct. If so, it will be because it is the line as fixed by the Legislature, and not because it was run by the State Engineer.

Writ dismissed.

Decision *en banc.*

Mr. Justice Teller and Mr. Justice Denison not participating.