[No. 3574.   July 28, 1931.]

SINGLETON v. SANABREA et al.

[2 Pac. (2d) 119.]

See, also, *292 P. 6.*

G. A. Threlkeld, of Roswell, for appellant.

W. H. Patten, of Lovington, for appellees.

OPINION OF THE COURT

BICKLEY, C. J.

The plaintiff, appellant, brought and commenced this action in Lea county to quiet title to real estate situate in said county. Service of process upon appellee was by publication. The appellee, not answering, default judgment was rendered by the judge of the district court in Roswell, the county seat of Chaves county, against appellee and others, on February 14, 1929, the court requiring "proof to be made of the demand mentioned in the complaint," as required by section 105-804, 1929 Comp. On June 13, 1929, appellee moved to set aside the judgment upon the ground of irregularities, relying upon section 105-846, 1929 Comp. The motion was supported by affidavits, and was accompanied by a tendered answer claiming a good defense to the action. The motion stated a ground for setting aside the judgment as follows:

"That this action involves the title to lands and said cause was commenced in Lea County, the venue and County where the land involved is situated and no change of venue was ever asked although the cause was finally tried and determined in Chaves County and this Court therefore had no jurisdiction to hear and determine said cause."

Appellee is in error in asserting that the matter of jurisdiction of the court is involved. It is a matter of venue. Assuming, although not deciding, that if the appellee had made timely appearance and objection to a hearing of this, a nonjury case, on the ground that it could not be determined and judgment rendered in a

county other than Lea, where the venue was laid, still such a principle would not avail appellee here. The following statement is made in Bowers on the Law of Waiver, §§ 379, 380:

"The county in which an action shall be tried may be agreed upon by the parties. Or if the county in which the action is brought is not the proper one for the trial thereof, the action may nevertheless be tried therein unless the defendant by proper objection demand that it be tried in the county prescribed by law. But the objection must be raised prior to trial or it will be deemed waived. And any conduct on the part of the defendant manifesting satisfaction with the venue until after the trial, or his abiding by it until the matter has proceeded to a hearing will be sufficient to constitute a waiver."

"The venue of an action has always been a privilege which the defendant could exact or waive, even as to districts. The right of a defendant to be sued in that of his domicile may be waived, and is waived by his failure to object. * * *"

See, also, Albuquerque & C. C. Co. v. Lermuseaux, 25 N. M. 686, 187 P. 560.

Section 105-801, 1929 Comp., provides:

"Any judgment, or decree, except in cases where trial by jury is necessary, may be rendered by the judge of the district court at any place where he may be in this state, and the district courts, except for jury trials, are declared to be at all times in session for all purposes, including the naturalization of aliens."

The district court had jurisdiction of the subject-matter, and we hold that a default judgment upon proper service, the defendant failing to answer the complaint, can be rendered by the judge of the district court at any place where he may be in this state. And this is so even though under section 105-804, in actions where the service of summons is by publication, the court must require proof to be made of the demand mentioned in the complaint.

Our next inquiry, then, is as to whether the court had jurisdiction of the person of the defendant (appellee).

The verified complaint alleges:

"The present place of residence and whereabouts of the defendant, Luz Sanabrea, is unknown to the plaintiff and cannot be discovered after diligent inquiry."

One of the grounds of appellee's motion to set aside the judgment is that there is no separate affidavit setting

forth the fact that residence of defendant was unknown, and that the "sworn pleading," referred to in section 105-308 as a vehicle for showing that the residence of defendant is unknown, must be a sworn pleading filed after the suit was commenced, and further that the record does not show what diligence was used to ascertain the whereabouts of the defendant.

We hold that a duly verified complaint is a sworn pleading within the contemplation of said section 105-308, in which plaintiff may make the requisite showing for the publication of a notice of the pendency of a cause. Appellee's objection that the record does not show what diligence was used as a basis for the declaration that the place of residence and whereabouts of the defendant is unknown, and therefore the notice should not have been published, is not well taken. See Bowers v. Brazell, 31 N. M. 316, 244 P. 893.

It is next claimed by appellee, in support of his motion, that fraud was practiced in procuring the judgment, in that the allegation in the sworn complaint, that the place of residence of defendant was unknown, was knowingly false. That such a fraud is a ground, in a proper proceeding for vacating a judgment, is not doubted. See Owens v. Owens, 32 N. M. 445, 259 P. 822. Appellant does not seriously contend that a judgment may not be opened or set aside upon motion upon the grounds of extrinsic fraud as well as by separate and distinct action. The latter course was pursued in Owens v. Owens, supra, and the former in Kerr v. Southwest Fluorite Co., 35 N. M. 232, 294 P. 324. Appellant insists, however, that, even where the procedure by motion to vacate is permissible, the motion should be treated as a complaint, and the pleadings, hearing, and evidence, should be treated as though the proceeding were an independent action to vacate the original judgment.

It is unnecessary to decide whether the alleged fraud of the plaintiff in making declarations of nonresidence or lack of knowledge of the residence of the defendant is an "irregularity." If it should be so considered, it involves a fact to be established de hors the judgment roll, and

whether the trial court committed error in setting aside the judgment, if perchance this is the ground upon which the motion to set aside was sustained.

The following are some of the rules governing proceedings of this character:

"Two issues arise on every application to open or vacate a judgment, namely, the existence of grounds for opening or vacating the judgment, and the existence of a meritorious defense, or cause of action, as the case may be. It is proper for the court to try and determine the existence and sufficiency of the alleged grounds for opening or vacating the judgment before trying or deciding the existence of a meritorious cause of action or defense, * * *"

"With respect to the grounds of relief, evidence will be heard on both sides. Should the court find that the grounds relied on are not sufficient, or are not proved, it is unnecessary to go into the inquiry as to the validity of the defense. But both issues may be tried together where the parties waive the right to have them tried separately." 34 C. J. Judgments, § 582.

"The party who seeks to have a judgment opened or set aside must assume the burden of proving the facts essential to entitle him to the relief asked. On an inquiry of this kind presumptions will be indulged, requiring evidence to overcome them, of the regularity and validity of proceedings in the case anterior to judgment. * * *"

"These presumptions are prima facie evidence only, and may be contradicted by proof." 34 C. J. Judgments, § 567.

It seems that the application to set aside the judgment may be tried on affidavits, depositions, or oral testimony, where the proceeding is by motion or petition in the cause. 34 C. J. Judgments, § 568.

In any event, no attack was made in the trial court upon this method of procedure in the case at bar.

"The affidavits in support of the application should show the existence and nature of the judgment sought to be set aside, state the grounds on which relief is asked, not inferentially but directly and not generally but specifically and in detail, and show the existence of a meritorious cause of action or defense." 34 C. J. Judgments, § 570.

"The affidavit is to be construed most strongly against the party making it." 34 C. J. Judgments, § 570.

"The affidavit must state the facts positively and directly; it is not sufficient to allege them on information and belief. But affidavits made only on information and belief may serve to initiate the proceeding; the defect is not jurisdictional and may be cured

by subsequently filing amended or supplemental affidavits made on knowledge." 34 C. J. Judgments, § 570.

"The party seeking to sustain a judgment, as against a motion to set it aside, must present for the consideration of the court, affidavits in opposition to those of the moving party, in regard to the alleged grounds for vacating the judgment or the matters set up in excuse of defendant's failure to make his defense in due time. *But the existence of a meritorious cause of action or defense as shown by the moving party's affidavit of merits, cannot be controverted* by counter affidavits, because on the application to vacate the court does not try and determine whether or not a cause of action or defense exists in point of fact, but only whether such a prima facie case has been made as ought to be tried and determined in a regular way." 34 C. J. Judgments, § 571.

"The party seeking to have a judgment vacated or opened, must establish the facts on which he relies by clear, strong, and satisfactory proof. * * *

"The motion must fail if the affidavit of the applicant is squarely contradicted by that of the opposing party, and there is nothing else in evidence, so that the testimony is in equipoise." 34 C. J. Judgments, § 573.

"On a contested application to open or vacate a judgment, the court should hear both parties and examine into all pertinent facts and circumstances, and it is error to grant or dismiss the motion summarily or on an ex parte hearing, unless the question at issue is one which can be determined from an inspection of the record, or unless the facts are such as do not permit of dispute." 34 C. J. Judgments, § 579.

"A motion to open or vacate a judgment is addressed to the sound legal discretion of the court on the particular facts of the case, and its determination will not be disturbed on appeal unless it is plain that its discretion has been abused in accordance with the usual rule governing the appellate review of discretionary determinations. * * *

"But the court must act upon a sound legal and impartial discretion, not arbitrarily, oppressively, or from mere caprice. The court's action must rest upon competent evidence. It is an abuse of discretion and reversible error to open or vacate a judgment where the moving party shows absolutely no legal ground therefor."

See, also, Gilbert v. New Mexico Const. Co., 35 N. M. 262, 295 P. 291.

In the light of these rules and what we have said as to the other grounds of the motion, we find that the trial court erred in setting aside the judgment.

Plaintiff filed objections and exceptions to the sufficiency of the motion which were overruled, and thereupon

filed his verified answer and sworn counter showing to the plaintiff's motion to set aside the judgment squarely contradicting the affidavits of defendant.

The defendant then filed a motion asking the court to "strike from the files, disregard and refuse to consider the plaintiff's purported Answer and Counter-showing filed in the above entitled cause." The first three grounds of this motion are to the effect that such counter showing was presented too late. The fourth, that plaintiff by his acts and conduct had waived the right to make any further showing, for the reason that he has participated in the proceedings.

The fifth and sixth grounds are as follows:

"That the above mentioned purported showing designated by the plaintiff as 'Answer and Counter Showing of plaintiff to defendants Motion to vacate Judgment' is an attempt to deny the grounds for defense set out in defendants motion and affidavits and tendered answer which goes to the merits of the defendants case, and that such affidavits are not admissible as to the merits of the case as the court will not dispose of the merits of the case on affidavits but will first decide whether the defendant has made a sufficient showing to warrant the court in finding that the judgment should be set aside."

"That to allow the plaintiff to controvert the merits of the case set out by defendants' affidavits and answer is error and inadmissible and not the proper practice."

The answer and countershowing, having been filed within the time allowed by order of court, was in time, and, the acts complained of as a basis of waiver having transpired before such order was made, we are satisfied that the ruling sustaining this motion to the extent that:

"That part of said motion requiring the court to disregard said answer and counter-showing, should be and is sustained. * * *"

And:

"It is further ordered by the court that the same should not be and is not hereby considered by the court in passing on the issues in this case."

—was made upon the proposition advanced in paragraphs 5 and 6 of defendant's motion quoted supra. As we have seen, these paragraphs only refer to one of the issues arising on every application to open and vacate a judgment, to wit, the existence of a meritorious defense.

We are led to believe that through misapprehension, promoted doubtless by this insistence of counsel, the court lost sight of the other issue, namely, the existence of grounds for opening or vacating the judgment, and that therefore, the court did not exercise its discretion by ruling on this issue.

The order of January 4, 1930, vacating the judgment, is reversed, and the cause remanded, with directions to set aside said order, and, upon due notice to the parties, make findings of fact and conclusions of law as to the issue of the existence of fraud in the procurement of the service of process on the defendant by publication, and make such order as such findings and conclusions justify, and it is so ordered.

WATSON and HUDSPETH, JJ., concur.

PARKER and SADLER, JJ., did not participate.