277 P.2d 960

**STATE of New Mexico ex rel. BOARD OF COUNTY COMMISSIONERS OF HARDING COUNTY, New Mexico, Board of County Commissioners of the County of Harding: R. E. Trujillo and Victor L. Stewart, Relators-Appellants,**

v.

**The BOARD OF COUNTY COMMISSIONERS OF COUNTY OF QUAY, Respondent-Appellee.**

No. 5830.

Supreme Court of New Mexico.

Dec. 15, 1954.

Seth & Montgomery, Santa Fe, for appellants.

Victor C. Breen, Dist. Atty., Manford W. Rainwater, Tucumcari, H. A. Kiker, Santa Fe, for appellees.

McGHEE, Chief Justice.

This is the second case we have had before us involving the attempt of certain residents living in a part of precinct No. 11 and all of precinct No. 12 of Harding county to secede from that county and become a part of Quay county under the provisions of Ch. 196, Laws of 1947. For the opinion in the former case, see Crosthwait v. White, 1951, 55 N.M. 71, 226 P.2d 477.

Following an election on the question in the year 1952, in which a majority of the votes were cast in favor of secession, the relators, the Board of County Commissioners of Harding county and two taxpayers and residents of Harding county on December 24, 1952, filed suit in Harding county against the respondent, Board of County Commissioners of Quay county, seeking to have the election held a nullity and judgment that the territory involved has not been annexed to Quay county. Relators are appellants here and the respondent and certain individuals are appellees.

The substance of the allegations of the complaint to be hereafter considered is stated in appellant's brief-in-chief as follows:

"Relators, appellants herein, filed their complaint against the Board of County Commissioners of the County of Quay on December 24, 1952, alleging, among other things, the corporate status of the Board of County Commissioners of Harding County and, with respect to the individual Relators, alleged that they were the owners of real estate and other property within the exterior boundaries of the area of lands involved, and further alleging the corporate status of the Board of County Commissioners of Quay County. The complaint further alleged that a petition had been duly executed and filed, having for its purpose the annexation of a substantial portion of Harding County to Quay County pursuant to Chapter 196 of the Session Laws of 1947; that said area embraces all of Pleasant Valley Precinct No. 12 and a large portion of Gallegos Precinct No. 11 of Harding County; that thereafter, the Board of County Commissioners of Harding County, through their lack of understanding and knowledge of various applicable provisions of the law, specified and designated only one voting place for the election to be held by residents of the area affected; that each of said Precincts No. 11 and 12 had a polling place at the last general election preceding the proposed special election, at which such residents of the area were to vote on the question of such annexation; that no voting place was designated for the qualified electors of said Precinct No. 11.

"The complaint further recites that the proposed election was held and all the ballots which were cast were at the Pleasant Valley Precinct No. 12, including ballots cast by residents of Precinct No. 11, and that there were a sufficient number of such ballots cast by such residents of Precinct No. 11 at the voting place in Precinct No. 12, to have changed the results of said election, and that it is and was impossible to ascertain how such ballots were marked or counted on the proposition of annexation, there voted upon; that by reason of the foregoing, wherein qualified electors of Precinct No. 11 were compelled, required or permitted to cast their votes in Precinct No. 12, is and the results thereof are a nullity and, consequently, void and of no effect.

"The complaint further alleges that the Respondent, Board of County Commissioners of Quay County, contends the said election was valid and that the area described in the complaint shall be and become a part of Quay County on January 1, 1953, with the result that the property and property rights of the Relators and other inhabitants of said area will be adversely affected contrary to law, and the expense entailed and involved in violation of law will unduly burden the tax payers of Harding County and the citizens of the territory involved."

The respondent, represented by its district attorney, filed a motion to dismiss the action for the reason the complaint did not state facts upon which relief could be granted and, in addition, that respondent could only be sued in Quay county. It also answered, but the statements in the answer need not be set out for an understanding of our disposition of this appeal.

Certain private citizens of Quay county represented by attorneys Kiker and Rainwater were allowed to become defendants and filed a motion asking dismissal of the action upon the ground the complaint did not state facts upon which relief could be granted. They also filed alternate motions to strike certain paragraphs of the complaint not necessary to be stated here.

The case thereafter came on for hearing on the motion of the private parties defendant to dismiss as well as on the motion of the respondent commissioners to dismiss for lack of jurisdiction or improper venue. At the conclusion of arguments the trial judge announced he would sustain both grounds of the motions—that is, that the action could only be filed in Quay county and the complaint failed to state facts upon which relief could be granted.

Whereupon the attorney for the relators, Montgomery stated all of his argument had been upon the question of venue and if the motion attacking the sufficiency of the complaint was to be decided he wanted to be heard on the question. Such permission being granted, he made an argument in support of the pleading. Thereupon, on behalf of his clients the attorney Kiker argued the insufficiency of the complaint. Then the district attorney acting for the respondent stated he concurred in what attorney Kiker had stated.

Thereafter a decree was entered sustaining the motions and dismissing the cause of action. This appeal followed.

The appellants strenuously contend the District Court of Harding county had jurisdiction and venue of the action because an interest in land is involved; that the fourth paragraph of § 19–501, 1941 Comp., controls, rather than § 19–502, 1941 Comp., which is relied upon by appellees. The fourth paragraph of § 19–501 reads:

"Fourth. When lands or any interest in lands are the object of any suit in whole or in part, such suit shall be brought in the county where the land or any portion thereof is situate."

Section 19–502 was enacted as Ch. 85, Laws of 1939, and we quote the entire chapter, including the title, as follows:

"An Act Fixing the Venue and Court in Which Actions Against Municipalities and Boards of County Commissioners May Be Brought, and Repealing All Acts in Conflict Herewith.

"House Bill No. 175; Approved March 8, 1939.

"*Be It Enacted by the Legislature of the State of New Mexico:*

"Section 1. All civil actions not otherwise required by law to be brought in the district court of Santa Fe County, wherein any municipality or board of County Commissioners is a party defendant, shall be instituted only in the district court of the county in which such municipality is located, or for which such Board of County Commissioners is acting.

"Section 2. All acts and parts of acts in conflict herewith are hereby repealed in so far as the same are inconsistent with the provisions of this act."

The appellants rely on our opinions in Jemez Land Co. v. Garcia, 1910, 15 N.M. 316, 107 P. 683; Atler v. Stolz, 1934, 38 N.M. 529, 37 P.2d 243, and Heath v. Gray, 1954, 58 N.M. 665, 274 P.2d 620, that actions involving title to real estate or an interest therein may only be maintained in the county in which the real property is situated. They say the ownership of the roads and bridges is involved; that the roads and bridges are real property and

that the county has a sort of interest or ownership of the lands sought to be annexed to Quay county. Such was the holding of the court in People ex rel. Board of Com'rs of Summit County v. District Court, 1919, 66 Colo. 40, 179 P. 875, which fact took the case out of the Colorado rule an action against a county must be brought in the court of the defendant county. The Tennessee court followed the same reasoning in Putnam County v. White County, 1918, 140 Tenn. 19, 203 S.W. 334, and Union County v. Knox County, 1891, 90 Tenn. 541, 18 S.W. 254. The Alabama court relied upon these cases and followed their reasoning in Elmore County v. Tallapoosa County, 1930, 221 Ala. 182, 128 So. 158. None of these states, however, had such a statute as our 1939 act quoted above. In addition, we do not think the interest in land involved here is of the kind contemplated by the fourth paragraph of § 19-501, supra. The trial court properly sustained the motion to dismiss on the ground of venue. We think the 1939 statute is one fixing venue and not jurisdiction. For a discussion of the difference between venue and jurisdiction the reader is referred to our opinion in Peisker v. Chavez, 1942, 46 N.M. 159, 123 P.2d 726.

■ However, instead of stopping when the venue question was settled, the trial judge proceeded to hold the complaint failed to state facts upon which relief could

be granted. Upon application of the attorney for relators, as above outlined, argument was heard on the merits not only by counsel for relators, but by the attorney for the private defendants with whom the district attorney joined. When this was done the question of venue went out of the case and the respondent became subject to the jurisdiction of the District Court of Harding county. Guthrie v. Threlkeld Co., 1948, 52 N.M. 93, 192 P.2d 307; Salazar v. Garde, 1933, 37 N.M. 352, 23 P.2d 370; Singleton v. Sanabrea, 1931, 35 N.M. 491, 2 P.2d 119.

■ We agree with the statement of respondent that the attorneys for the private litigants by joining in the defense of the motion attacking the sufficiency of the complaint could not bind the Board of County Commissioners; but, when the district attorney at the conclusion of the argument by one of the attorneys for the private litigants defendant stated he concurred in such statements, he joined in the argument on the merits as to whether the complaint stated a cause of action. Article 6, § 24, of the New Mexico Constitution makes such official the law officer of the counties of his district. If more authority is needed we have only to observe § 17-115, 1941 Comp., which provides:

"The attorney-general and district attorneys of this state in their respec-

tive districts, when any civil proceedings may be pending in their respective districts, in the district court, in which the state or any county may be a party, whether the same be an ordinary suit, scire facias proceedings, proceedings growing out of any criminal prosecution, or otherwise, shall have power to compromise or settle said suit or proceedings, or grant a release or enter satisfaction in whole or in part, of any claim or judgment in the name of the state or county, or dismiss the same, or take any other steps or proceedings therein which to him may appear proper and right; and all such civil suits and proceedings shall be entirely under the management and control of the said attorney-general or district attorneys, and all compromises, releases and satisfactions heretofore made or entered into by said officers are hereby confirmed and ratified."

See also Cooper v. Otero, 1934, 38 N.M. 164, 29 P.2d 341. The board was bound by the action of the district attorney.

This brings us to a determination of the correctness of the holding the complaint did not state facts upon which relief could be granted.

It is stated in the complaint that the territory proposed to be detached from Harding county and annexed to Quay county comprised a large part of precinct No. 11 and all of precinct No. 12, but that only one voting place was provided and that in No. 12; that a sufficient number of ballots were cast by voters residing in precinct No. 11 at the polling place in precinct No. 12 to have changed the result of the election and that it was impossible to ascertain how such ballots in fact were marked.

In short, it is claimed that a voter in New Mexico in an election such as this can only vote in the precinct in which he has resided for thirty days preceding such voting, assuming he is otherwise a qualified voter in the county.

Section 1 of Art. 7 of the New Mexico Constitution, so far as material, reads:

"Every * * * citizen of the United States, who is over the age of twenty-one years, and has resided in New Mexico twelve months, in the county ninety days, and in the precinct in which he offers to vote thirty days, next preceding the election * * * shall be qualified to vote * * *."

The applicable provisions of our election statutes are sections 56–101, 56–203, 56–245, 56–246 and 56–401, 1941 Comp. Omitting matters not pertinent to the issue raised here, the sections read as follows:

§ 56–401: "At all elections at which any proposed constitutional amendment

or question other than the election of officers shall be submitted to a vote of the electors, such election shall be held and conducted in conformity with this act (chapter) in so far as the same is applicable."

§ 56–245: "No person shall vote at any election unless registered as herein provided, * * *."

§ 56–246: "No person shall vote at any general, special, primary, or municipal election unless registered as provided by the laws of the state of New Mexico and unless otherwise qualified as herein provided; and no ballot of any unregistered or otherwise unqualified elector or person, shall be cast, counted or canvassed. The provisions of this section shall be mandatory. No person shall be registered unless at the next ensuing election he will have the qualifications of an elector as hereinafter provided and registers as provided by the laws of New Mexico."

§ 56–101: " * * * As used in this act, unless the context requires otherwise: The words 'qualified elector' 'elector' or 'voter,' means any citizen of the United States who at the date of the election will be over the age of twenty-one (21) years and will have resided in the state twelve (12) months, in the county ninety (90) days and in the precinct in which he offers to vote thirty (30) days, next preceding the election, * * *."

§ 56–203: "As used in this act, * * *.

"The word 'election' shall be construed to mean and apply to all primary elections, general elections, special elections and municipal elections." ·

We have held in Thompson v. Scheier, 1936, 40 N.M. 199, 57 P.2d 293; Chase v. Lujan, 1944, 48 N.M. 261, 149 P.2d 1003, and Arledge v. Mabry, 1948, 52 N.M. 303, 197 P.2d 884, that a vote cast outside the residence of the voter was void —that it must be cast in person in the precinct in which the voter has resided for the preceding thirty days. We decline to overrule those cases.

The act under which the election was held, Ch. 196, Laws of 1947, provided there should not be fewer polling places than were provided at the preceding general election in the territory proposed to be annexed. The respondent says the complaint does not allege there was a voting box at the preceding general election in that part of precinct No. 11 proposed to be annexed, so the voting place provided in precinct No. 12 was sufficient and met the requirements of Ch. 196. This statute however, provides that all voters in such territory have a right to vote on the ques-

tion and that a majority vote must be cast in favor of the proposition.

It is our view that § 1, Art. 7, New Mexico Constitution and § 56–101, supra, make it mandatory that voting places be provided in each precinct, for in this state a vote cast by one outside his precinct is void. As it is alleged there were sufficient votes cast by voters residing in precinct No. 11 to have changed the result of the election, and it being further alleged there was no way to tell whether such votes were for or against the proposition, we must hold under the allegations of the complaint the election was void.

The answers denied sufficient of the allegations to put relators to their proof had it not been for the sustaining of the motion directed against the complaint. At such hearing all facts well pleaded were taken as true and judgment rendered in accordance with the views of the trial judge.

The judgment will be reversed and the cause remanded to the District Court with instructions to vacate its judgment, deny the motions to dismiss and proceed in conformity with the views herein expressed. It is so ordered.

SADLER, COMPTON and LUJAN, JJ., concur.

SEYMOUR, J., not participating.