539 P.2d 205

CITY OF ALBUQUERQUE, a Municipal Corporation, Plaintiff-Appellee,

v.

VILLAGE OF CORRALES and Barbara Christianson, Mayor of the Village of Corrales, Defendants-Appellants.

No. 10153.

Supreme Court of New Mexico.

Aug. 11, 1975.

R. Russell Rager, Albuquerque, for defendants-appellants.

Elizabeth N. Love, Asst. City Atty., Albuquerque, for plaintiff-appellee.

## OPINION

OMAN, Justice.

This cause is before us on appeal from an interlocutory order entered pursuant to § 21–10–3, N.M.S.A.1953 (Repl. Vol. 4, Supp.1973). The interlocutory order denied defendant's motion to dismiss plaintiff's complaint on the ground of improper venue.

The City of Albuquerque brought suit in Bernalillo County, wherein the City lies, against the Village of Corrales and its mayor. The purpose of the suit was to secure a determination of the City's authority under §§ 14–19–5(A)(2), and 14–20–2(B), N.M.S.A.1953 (Repl. Vol. 3, 1968), over the subdivision, platting and zoning of lands lying within Bernalillo County within five miles of the City's boundary.

Corrales maintains all of its municipal offices in adjoining Sandoval County, and the territory it encompasses lies within that county, except for lands which it has annexed, or at least purportedly annexed, which lie in Bernalillo County and within five miles of Albuquerque's boundary. It is this annexation, or purported annexation, which gave rise to the institution of this declaratory suit by Albuquerque.

The sole question before us and which we decide is whether venue can properly be laid in Bernalillo County or in Sandoval County. The district court held that an "interest in lands" is the object of the suit, and, therefore, the venue is properly laid in Bernalillo County pursuant to § 21–5–1(D)(1), N.M.S.A.1953 (Repl. Vol. 4, 1970), which provides:

> "21–5–1. *County in which civil action in district court may be commenced.*—All civil actions commenced in the district courts shall be brought and shall be commenced in counties as follows, and not otherwise:
>
> " *   *   *   *   *   *
>
> "D. (1) When lands or any interest in lands are the object of any suit in whole or in part, such suit shall be brought in the county where the land or any portion thereof is situate."

Corrales contends venue can properly be laid only in Sandoval County pursuant to § 21–5–2, N.M.S.A.1953 (Repl. Vol. 4, 1970), which provides:

> "21–5–2. *Actions against municipality or board of county commissioners.*—All civil actions not otherwise required by law to be brought in the district court of Santa Fe County, wherein any municipality or board of county commissioners is a party defendant, shall be instituted only in the district court of the county in which such municipality is located, or for which such board of county commissioners is acting."

A comparable venue question was raised and decided by this court in *State v. Board of County Commissioners*, 59 N.M. 9, 277 P.2d 960 (1954). The identical statutes were involved in that case, except at that time what is now § 21–5–2, *supra*, also included the following:

> "All acts and parts of acts in conflict herewith are hereby repealed in so far as the same are inconsistent with the provisions of this act."

In that case a complaint was filed by the Board of County Commissioners of Hard-

ing County in the district court of that county against the Board of County Commissioners of Quay County. The residents of a certain portion of Harding County sought to secede and have that portion of Harding County become a part of Quay County. An election was held, and the majority of the votes cast were in favor of secession and the annexation to Quay County of the Harding County territory involved. Harding County filed suit to have the election and the results thereof declared null and void. One of the questions raised by Quay County was that of venue. It contended the venue could properly be laid only in Quay County and not in Harding County. It contended that venue was controlled by the predecessor of § 21–5–2, *supra*. Harding County relied upon § 21–5–1(D)(1), *supra*, just as Albuquerque does in the present suit. It claimed that it had an interest in the lands in question by reason of its ownership of the roads and bridges located thereon.

After observing that none of the authorities relied upon by Harding County were concerned with a statute such as § 21–5–2, *supra*, we stated:

"In addition, we do not think the interest in land involved here [land included within the territorial limits of Harding County and upon which were located roads and bridges owned by that county] is of the kind contemplated by the fourth paragraph of § 19–501, *supra* [§ 21–5–1(D)(1), *supra*]."

We are still of the opinion that, under the statutes involved the venue should have been laid in Quay County. The repealing provision then included in § 21–5–2, *supra*, was of no significance. We are also of the opinion that the subdivision, platting and zoning authority of Albuquerque over the land in question in the present suit is no more an interest in land within the contemplation of § 21–5–1(D)(1), *supra*, than was the interest of Harding County in the lands involved in that prior suit by reason of its ownership and maintenance of roads and bridges thereon.

The interlocutory order of the district court is reversed and this cause is remanded with directions to enter an order sustaining the motion to dismiss on the grounds of improper venue.

It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.